RAFALSKI, APPELLANT, *v.*
OATES, APPELLEE.

(No. 47611—Decided May 31, 1984.)

*Lawrence Rafalski, pro se.*
*Lester S. Potash,* for appellee.

PARRINO, J. Lawrence Rafalski appeals a judgment of the trial court granting Oma Oates' motion to vacate a default judgment.

Plaintiff-appellant Rafalski filed a complaint on February 17, 1983 in the Cleveland Municipal Court. He sought a $5,000 judgment for personal injury and property damages sustained in an automobile collision with defendant-appellee Oates. Appellant contends the accident was caused by the appellee's negligent operation of her motor vehicle.

Appellant attempted to have certified mail service made on appellee at 4106 East 71st Street in Cleveland; however, the complaint was returned "Unclaimed." On March 16, 1983 service was attempted by regular mail. The complaint was not returned to the clerk of court's office. No answer was filed, and a default judgment was rendered on June 1, 1983 in the amount of $5,000 against appellee.

On August 9, 1983 appellee filed a motion for relief from judgment. The at-

tached brief and affidavits of appellee and her counsel stated that appellee had never received service of the complaint, and that she was not aware that a judgment had been rendered against her until August 3, 1983. Appellee claimed that she had not lived at the address contained in the caption of the complaint since December 1982. She further disputed any negligence on her part and contended that appellant caused the accident by not maintaining an assured clear distance between their automobiles.

A hearing was held on the motion to vacate on September 21, 1983 at which time appellee substantially reiterated the facts as set out in the brief and affidavits to her motion to vacate.

The motion for relief from judgment was granted in a journal entry dated October 18, 1983.

Appellant assigns one error on appeal:

"It was an abuse of discretion and error for the trial court to grant defendant's motion for relief from judgment, where the record demonstrates a failure to present sufficient evidence, or any evidence at all by the defendant, which would entitle the defendant to relief from the judgment."

This assignment of error is without merit.

To prevail on a Civ. R. 60(B) motion, the movant must demonstrate that: (1) the party has a meritorious defense; (2) the party is entitled to relief under one of the grounds set out in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time. *GTE Automatic Electric* v. *ARC Industries* (1976), 47 Ohio St. 2d 146 [1 O.O.3d 86], at paragraph two of the syllabus. When a hearing is held on a motion to vacate, a reviewing court must examine the evidence introduced at the hearing in addition to the evidentiary materials submitted with the motion itself. *Bates & Springer, Inc.* v. *Stallworth* (1978), 56 Ohio App. 2d 223 [10 O.O.3d 227].

Appellant contends that appellee failed to show a Civ. R. 60(B) ground for vacation of the judgment. He claims that because he fully complied with the procedural requirements regarding service of process set out in Civ. R. 4.6, appellee's bare assertion that she did not receive service is insufficient to serve as grounds for vacating a judgment.

We do not agree with appellant's contention, and we find that appellee fully complied with Civ. R. 60(B).

The evidentiary materials show that the motion was made timely as it was filed within one week of the discovery of the default judgment. A meritorious defense has been alleged. Appellee claims that appellant was really the negligent party, and that he was the cause of the accident. Furthermore, the fact that appellee did not receive service falls under Civ. R. 60(B)(5) as "any other reason justifying relief from the judgment."

It is true that when there is no objection or evidence to the contrary, the address used by a plaintiff in a complaint will be assumed to be an address where it is reasonable to anticipate that mail service will be delivered to the defendant. *J. R. Productions, Inc.* v. *Young* (1982), 3 Ohio App. 3d 407. Appellant's brief and affidavit in opposition to the motion for relief from judgment indicate that appellee had filed a forwarding address of 4253 East 71st Street in Cleveland, Ohio, when she moved from the address which is in the caption of the complaint. Therefore, appellant asserts there was a reasonable expectation that the complaint should have been delivered to appellee.

We agree with appellant that there is a presumption of proper service in cases where the Civil Rules on service are followed. However, this presumption is rebuttable by sufficient evidence. *Grant* v. *Ivy* (1980), 69 Ohio App. 2d 40 [23 O.O.3d 34]. Where a party seeking a motion to vacate makes an uncontradicted sworn statement that she never

received service of a complaint, she is entitled to have the judgment against her vacated even if her opponent complied with Civ. R. 4.6 and had service made at an address where it could reasonably be anticipated that the defendant would receive it. *Cox* v. *Franklin* (Jan. 10, 1974), Cuyahoga App. No. 32982, unreported. Appellant has presented no evidence to show that appellee actually received service. It is reversible error for a trial court to disregard unchallenged testimony that a person did not receive service. In *Hayes* v. *Kentucky Joint Stock Land Bank of Lexington* (1932), 125 Ohio St. 359, at 365, the Ohio Supreme Court stated:

"* * * The defendant, who challenged the jurisdiction over her person, testified in her own behalf. If another witness had given testimony which contradicted her upon essential points, or if she had contradicted herself, or had made admissions which tended to support the claim of residence in Canton, a wholly different situation would be presented. The trial court could not wholly disregard her uncontradicted testimony. Neither could it draw inferences directly contrary to her affirmative statements. The court therefore erred in finding that good and valid service was had upon her, and that the court had jurisdiction over her person."

In deciding that the motion to vacate the default judgment was properly granted, we follow the basic position of Ohio law that whenever possible cases should be decided on their merits. *Perotti* v. *Ferguson* (1983), 7 Ohio St. 3d 1, 3.

We affirm the judgment of the trial court.

*Judgment affirmed.*

DAY, C.J.,[1] and NAHRA, J., concur.

---

[1] Judge Jack G. Day participated in this decision but resigned from the court effective 12:01 a.m., June 4, 1984.