OPINION
Defendant-appellant, Kimberly A. Smith (Yates), appeals a decision of the Fayette County Court of Common Pleas, Domestic Relations Division, awarding plaintiff-appellee, Daniel W. Smith, custody of the parties' daughter, Amanda, born April 21, 1987.
The parties were divorced on July 10, 1995. Custody of Amanda and her brother, Robert A. Smith, born July 26, 1985, was awarded to appellant. Appellee was ordered to pay child support and was granted standard visitation. The decree did not require the parties to file a notice of intent to relocate. On August 21, 1996, appellee filed a motion requesting that he be designated Robert's residential parent and that child support be modified accordingly. Appellee stated that he had physical custody of Robert, and that appellant, despite failing to file a notice of intent to relocate, had relocated to "California or Hawaii." Appellant filed a response agreeing to appellee's designation as Robert's residential parent.
A hearing was held on October 25, 1996, but neither appellant nor her counsel appeared. The magistrate found that it was in Robert's best interest that appellee be designated as his residential parent. Because each party had roughly equal income and custody of one child each, child support was terminated. No orders concerning visitation or contempt were issued.
On December 12, 1996, appellee moved for an order to show cause why appellant should not be held in contempt for failure to provide visitation with Amanda. Notice of this motion was sent by certified mail to Kimberly A. Smith c/o Danny Lee Clark, 1394 Caliente Loop, Chola Vista, CA 91910. "D.L. Clark" signed accepting the certified mail. Appellant, through counsel, filed a response to this motion. In her response, appellant noted that the divorce decree did not require her to obtain the consent of the court to move.
A hearing was held on the contempt motion on January 12, 1997. The magistrate found that although appellant was obligated to notify the court of relocation under Ohio law, "there is nothing contained within the orders issued by this Court which imposes a parallel obligation. In the absence of such language, defendant cannot be found in contempt." The contempt motion was therefore denied.
On July 17, 1997, appellee filed the instant motion for modification, requesting custody of Amanda. Appellee stated that he had been denied visitation for over one year due to appellant's move to California. Appellee requested that he be designated Amanda's residential parent, or, in the alternative, that the current orders regarding visitation be modified to alter the visitation schedule and reflect who is responsible for transportation. The Uniform Child Custody Jurisdiction (UCCJ) affidavit submitted with the motion for modification contained appellant's address as used for notice of the previous hearing.
Service was attempted at that address. The record contains a receipt for certified mail dated July 18, 1997. The certified mail was returned unclaimed. The record contains a certificate of service to Kimberly A. Smith by the clerk of court by ordinary mail on September 15, 1997. The ordinary mail was not returned.
A hearing was held on November 19, 1997. Neither appellant nor her counsel appeared.[1] The magistrate noted that "service ha[d] been obtained in this matter pursuant to Civil Rule 4 as certified mail was returned unclaimed and the Clerk then mailed this by ordinary mail to [appellant]."
The magistrate determined that a modification of residential parent status was warranted, finding that a change in circumstances regarding the child had occurred. The magistrate specifically found that "the child has been removed from the influence of the parenting affects of her father and separated from her older brother. The Defendant's circumstances have changed in that she has been relocated to California and has been refusing to allow any visitation between Amanda and her father and her brother." The court designated appellee residential parent and recommended that upon Amanda's return to Ohio a further hearing be requested on visitation.
A copy of the magistrate's decision was served on appellant[2]
and her counsel. On December 5, 1997, appellant filed objections to the magistrate's decision. Appellant stated in an affidavit that she had not received service. Appellant stated that her last name is now Yates and she had never been known in California as Kimberly Smith. Appellant also noted that she lived in Chula (not Chola) Vista, California. She stated that she was staying in El Toro, California during the summer of 1997.[3]
Appellant also alleged that the UCCJ affidavit was defective because, inter alia, it did not note that California is Amanda's home state, no person was listed as the maker of the affidavit, and it did not list places where the child had lived.
Appellant also objected to the magistrate's decision because the magistrate had not found that a modification was necessary for the best interest of the child and had not found that the harm caused by the change would be outweighed by the advantages of the change as required by statute. The trial court overruled the objections to the magistrate's decision, stating that service had been properly effected, and that Ohio had jurisdiction as no other legal proceedings had been instituted in another state. The court also noted that the magistrate had determined that there had been a change of circumstances. Therefore, the trial court adopted the magistrate's decision as the order of the court.
Appellant raises five assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN FINDING THAT THERE WAS SERVICE UPON THE DEFENDANT IN THIS CASE.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED IN FAILING TO GIVE THE DEFENDANT A HEARING ON THE QUESTION OF SERVICE, WHEN THE ISSUE WAS PROPERLY RAISED.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED IN MODIFICATION OF CUSTODY WHEN THERE WAS NO ALLEGATION THAT SUCH A MODIFICATION WAS IN THE BEST INTEREST OF THE CHILD, AND THERE WAS NO FINDING BY THE MAGISTRATE ON THAT MATTER.
Assignment of Error No. 4:
 THE TRIAL COURT ERRED IN FINDING THAT IT HAD JURISDICTION OF THE CASE AND THAT THERE WAS COMPLIANCE WITH THE UCCJ AFFIDAVIT.
Assignment of Error No. 5:
 THE TRIAL COURT RULING FAILS TO MEET THE STANDARDS IMPOSED UPON THE TRIAL COURT UNDER CIVIL RULE 53.
For purposes of our analysis we will discuss the third assignment of error first. In her third assignment of error, appellant argues that the trial court erred in modifying custody where there was no allegation that such a modification was in the child's best interest, and no finding by the magistrate on that matter. We find this assignment of error well-taken.
R.C. 3109.04(E)(1)(a) provides in pertinent part:
 The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, his residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. * * *
 The court shall retain the residential parent designated by the prior decree * * * unless a modification is in the best interest of the child and one of the following applies:
 (i) The residential parent agrees to a change in the residential parent * * *.
 (ii) The child * * * with the consent of the residential parent has been integrated into the family of the person seeking to become the residential parent.
 (iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.
(Emphasis added.)
In order to establish cause for transferring custody of a child of divorced parents from one parent to another, the parent seeking the change must establish that (1) changes have occurred in the circumstances of the child or the parent having custody, (2) the modification is necessary to serve the child's best interest, and (3) the harm likely to be caused by a change of environment is outweighed by the advantages of the change. Stone v. Stone (1983),9 Ohio App.3d 6; Hornsby v. Hornsby (Aug. 10, 1992), Butler App. No. CA92-01-007, unreported.
The determination of whether a change in circumstances has occurred is properly left to the trial court. The trial court has broad discretion in deciding matters of custody and its decision is subject to reversal only upon a showing of an abuse of discretion. Where an award of custody is supported by a substantial amount of credible and competent evidence, such an award will not be reversed as being against the weight of the evidence by a reviewing court. Bechtol v. Bechtol (1990), 49 Ohio St.3d 21.
The trial court's finding of a change of circumstances was supported by the record. Although the move from Ohio alone was insufficient, as the divorce decree did not prohibit it, the evidence of Amanda's lack of visitation with her father and brother supported the trial court's determination of a change of circumstances. However, both the magistrate and the trial court ended their analysis at that point. In order to effect a change of custody, it was incumbent upon the trial court to find, pursuant to R.C. 3109.04, that it was in Amanda's best interest to change custody and that the advantages of a change of environment outweighed the harm likely to be caused thereby. Neither factor was mentioned. The magistrate heard no testimony about Amanda's adjustment to her current home and no testimony showing how separation from her mother would affect her or how she would adapt to the new living arrangement. See Jackson v. Powers (May 16, 1994), Brown App. No. CA93-09-011, unreported. While a trial court has broad discretion in custody matters, that discretion is not absolute. "Though we are loathe to reverse a trial court in a custody case because of the court's better knowledge of the entire case and the significant impact of such a decision on the lives of the parties concerned, we would be remiss in our duty if we did not act to prevent a misapplication of Ohio law." Lehman v. Lehman (Apr. 9, 1990), Brown App. No. CA89-09-014, unreported.
Therefore, we sustain appellant's third assignment of error, and we remand the matter to the trial court to hear further evidence on the issues of Amanda's best interest and whether the advantages of a change of custody would outweigh its disadvantages.
In her first and second assignments of error, appellant alleged that service was improper and that she should have been granted a hearing to contest service. Pursuant to Civ.R. 75(I), the continuing jurisdiction of the trial court was invoked by motion and notice was properly served in the manner provided under Civ.R. 4 to 4.6. Pursuant to Civ.R. 4.6(D), when service of process is sent by ordinary mail after service by certified mail has been returned "unclaimed," and the ordinary mail envelope is not returned in the mail, a rebuttable presumption arises that the defendant has been served with process. Grant v. Ivy (1980),69 Ohio App.2d 40. There is authority holding that, "where a party seeking a motion to vacate makes an uncontradicted sworn statement that she never received service of a complaint, she is entitled to have the judgment against her vacated even if her opponent complied with Civ.R. 4.6 and had service made at an address where it could reasonably be anticipated that the defendant would receive it." Towne Mall v. Brankamp (Oct. 1, 1990), Warren App. No. CA90-04-029, unreported, citing Rafalski v. Oates (1984), 17 Ohio App.3d 65. However, there is also authority holding that where the defendant has only his self-serving testimony that he did not receive service, even though it was mailed by ordinary mail to his correct address, a trial court is not required to find that the presumption of service has been satisfactorily rebutted. Security Natl. Bank 
Trust Co. v. Murphy (July 20, 1989), Clark App. No. 2552, unreported.
Most cases concerning service under Civ.R. 4.6(D) arise in the context of Rule 60(B) motions. Our research has revealed only two cases where custody was at issue following a claim of nonreceipt of service. In both cases, hearings on the issue of service were held. In Jackson v. Jackson (Dec. 27, 1988), Franklin App. No. 88AP-721, unreported, the appellant stated that she had not received the mail even though it was sent to an address listed on the child's school records. The trial court found that service was proper under Civ.R. 4.6(D), the appellant had notice, and had not demonstrated the excusable neglect which would warrant vacation of the default order. The Tenth District Court of Appeals reversed, noting that "the change of custody of a young child is an issue of such importance that any reasonable doubt should be resolved in favor of the motion to set aside the judgment so that change in custody cases may be decided on their merits and with full representation of both parties." Id. The court further noted that the trial court must determine that a change has occurred and that a modification is in the child's best interest. These determinations "often rest on credibility and make the presence of all parties highly desirable."
In Magoteaux v. Magoteaux (Nov. 26, 1986), Miami App. No. 86-16, unreported, however, the Second District Court of Appeals affirmed the trial court's refusal to grant 60(B) relief to the appellant where there was evidence that she had in fact received "court papers" but chose to disregard them. The appellant had also been found in contempt of court prior to the modification motion. Id.
Although the question is a close one, we cannot find that the trial court abused its discretion in determining that service on appellant had been properly made and was not sufficiently rebutted. In her affidavit, appellant stated that during the summer months she was not at the address which she had provided to the court during previous proceedings. This affidavit was not totally uncontradicted however, as appellee submitted an affidavit and phone records showing he had spoken with Amanda on July 13, 1997. Although appellant now complains that the trial court did not hold a hearing, she did not request a hearing on the notice issue when she filed her objections to the magistrate's decision. Appellant's first and second assignments of error are overruled.
In her fourth assignment of error, appellant claims that the UCCJ affidavit was defective because, inter alia, appellant's address was incorrect, it was unclear where the child had lived during the past five years and who was the affiant, and Kimberly Yates was listed as a separate person, not a party.
R.C. 3109.27 requires a child custody affidavit to be filed in all parenting proceedings involving children setting forth the child's present address, the child's residences for the last five years, and the names and addresses of all persons with whom the child has lived during that period. It further requires information pertaining to any custody proceedings concerning the child in Ohio or another state, and whether the affiant has ever been involved in any criminal child abuse proceedings, or a neglect or dependency action.
Appellee filed an affidavit with his modification motion which substantially complied with all these requirements. Contrary to appellant's assertion, it is clear that appellee was the affiant, the address is correct with a minor misspelling, and the fact that Kimberly Yates was listed as a separate person and not as a party is, if technically error, completely harmless.
The trial court's decision as to whether to exercise jurisdiction pursuant to the UCCJA should only be reversed upon a showing of an abuse of discretion. Bowen v. Britton (1993), 84 Ohio App.3d 473. Although California is now apparently Amanda's home state, Ohio clearly had jurisdiction and could exercise that jurisdiction pursuant to R.C. 3109.22(A)(2), which provides that a court that has jurisdiction to make a parenting determination may exercise that jurisdiction where "the child and at least one contestant, have a significant connection with this state, and there is available in this state substantial evidence concerning the child's present or future care, protection, training and personal relationships." The trial court acted within its jurisdiction in overruling appellant's objections to the UCCJ affidavit. Therefore, appellant's fourth assignment of error is overruled.
In her final assignment of error, appellant argues that the trial court did not "enter its own judgment" when it adopted the magistrate's decision.
After a magistrate has heard evidence in a domestic relations matter, and "upon consideration of any objections, the [trial] court may adopt, reject, or modify the magistrate's decision * * *." Civ.R. 53(E)(4)(b). The trial court has the "ultimate authority and responsibility over the [magistrate's] findings and rulings." Hartt v. Munobe (1993), 67 Ohio St.3d 3, 5. As the ultimate fact finder, the trial court determines "whether the [magistrate] has properly determined the factual issues and appropriately applied the law, and where the [magistrate] has failed to do so, the trial court must substitute its judgment for that of the [magistrate]." Inman v. Inman (1995), 101 Ohio App.3d 115, 118.
Although appellant had objected to the magistrate's lack of findings on the best interest and harm outweighing benefits issues discussed above, the trial court did not address these objections in its entry and adopted the magistrate's decision as the order of the court. On issues of notice and jurisdiction, the trial court made appropriate independent findings. If the magistrate had initially made appropriate findings on all of the relevant custody issues, adoption of the magistrate's decision would not have been error. This case is being remanded for a hearing and appropriate findings on the relevant issues, not due to any independent violation of Civ.R. 53. Accordingly, appellant's final assignment of error is overruled.
Judgment affirmed in part and reversed in part, and this cause is remanded to the trial court for further proceedings according to law and consistent with this opinion.
KOEHLER and POWELL, JJ., concur.
[1] The parties have retained the same counsel through all proceedings.
[2] Service was by ordinary mail to the same address in California.
[3] Appellant submitted an affidavit from George Castro, a friend of D.L. Clark's. Castro stated that he had acted as a caretaker of the premises while appellant and D.L. Clark were away during the summer. Castro stated that he had responded to the post office notice of certified mail by informing the post office that Kimberly Smith did not live there. He stated that he only knew a Kimberly Yates, not Kimberly Smith. He stated that he did not inform appellant of the receipt of notice of certified mail or that he had declined to accept such mail.