DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Mr. Nick Vukich appeals from the Summit County Court of Common Pleas' denial of his motion to vacate its adoption of an arbitration award. We affirm.
This case commenced when American Bonus Group, Inc. ("Bonus") sought to recover consulting fees from Mr. Vukich. The trial court referred the matter to arbitration, and Mr. Vukich received notice of the arbitration hearing and attended the hearing. On January 28, 1998, the arbitrators issued an award that required Mr. Vukich to pay Bonus $15,000. Because no appeal of the arbitration award was filed, the trial court adopted the arbitration award on March 12, 1998. On March 24, 1998, Mr. Vukich moved to vacate the trial court's judgment on the basis that he did not receive notice of the arbitration award.
The trial court conducted a hearing on April 14, 1998. On April 20, 1998, the trial court denied the motion and concluded the following:
 The evidence in the record reflects that [Mr. Vukich] elected to appear before this Court pro se, and the Court sent the matter to arbitration under Rule 10 of the Rules of the Summit County Common Pleas Court. [Mr. Vukich] at the proper address, to-wit [sic]: 3500 West Market Street, Building 3, Fairlawn, Ohio 44333, received notice of the arbitration, did indeed appear and participate and then claim[ed] that the court failed to notify him of the award filed January 28, 1998. The Court's record disclosed that the Report and the Award of the Arbitrators was so mailed to him at that address at that time.
Mr. Vukich timely appeals and raises two assignments of error. Because both of Mr. Vukich's assignments of error relate to whether the trial court erred in denying his motion to vacate a judgment of the trial court, we will address them together.
 ASSIGNMENT OF ERROR I
The trial court abused its discretion in denying [Mr. Vukich's] motion for relief from judgment.
 ASSIGNMENT OF ERROR II
The trial court's finding that the mailing of the arbitrators report and award constituted notice of the award was error as a matter of law.
Mr. Vukich contends that the trial court abused its discretion by denying his motion for relief from judgment because he presented evidence demonstrating that he did not receive notice of the arbitration award. We disagree.
As an appellate court, we must determine whether a trial court abused its discretion when it considered a motion to vacate a judgment pursuant to Civ.R. 60. Doddridge v. Fitzpatrick
(1978), 53 Ohio St.2d 9, 11. In order to obtain relief from a judgment pursuant to Civ.R. 60, a party must demonstrate:
 (1) [T]he party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken.
Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. A failure of service constitutes good grounds for a trial court to vacate a judgment pursuant to Civ.R. 60(B)(5). Rogers v. United Presidential Life Ins. Co. (1987), 36 Ohio App.3d 126, 128; Rafalski v. Oates (1984),17 Ohio App.3d 65, 66-67. Assuming, arguendo, that Mr. Vukich met the first and third factors above, we will consider whether Mr. Vukich met the second requirement for the vacation of a trial court judgment.
Civ.R. 5(A) provides that judgment entries of a court shall be served upon parties in the suit, and Civ.R. 5(B) allows for service to be made by mailing the judgment entry to the last known address of the person to be served. A presumption that service was properly done arises when the Civil Rules on service are followed.Rogers v. United Presidential Life Ins. Co., supra, at 128. Although there is a presumption that service is done properly, this presumption is rebuttable by sufficient evidence. Id. at 128; Rafalski v. Oates, supra, at 66, citing Grant v. Ivy (1980),69 Ohio App.2d 40, 42. Moreover, "when a party makes a sworn statement that he did not receive service, there must be a further evidentiary showing that the party was served to rebut the party's statement." Rogers v. United Presidential Life Ins. Co., supra, at 129. In a situation where an attorney swore in a affidavit and then stated that he would swear under oath at a motion for relief from judgment hearing that he did not receive notice of a Civ.R. 41(B)(1) dismissal, the Tenth District Court of Appeals recognized that a trial court abused its discretion in denying the motion because the appellee submitted no evidence to refute this attorney's claim. Id. The Eighth District Court of Appeals has concluded the following:
 Where a party seeking a motion to vacate makes an uncontradicted sworn statement that she never received service of a complaint, she is entitled to have the judgment against her vacated even if her opponent complied with Civ.R. 4.6 and had service made at an address where it could reasonably be anticipated that the defendant would receive it. Appellant has presented no evidence to show that appellee actually received service. It is reversible error for a trial court to disregard the unchallenged testimony that a person did not receive service.
(Citation omitted.) Rafalski v. Oates, supra, at 66-67.
In the case at bar, Mr. Vukich testified under oath that he did not receive notice of the arbitration award. Nonetheless, Bonus submitted evidence to rebut his testimony. Specifically, Bonus proffered the testimony of the clerk, from the arbitration department of the common pleas court, who testified under oath that the usual procedure was followed, and that the specific arbitration award was mailed to Mr. Vukich's address, and that the date of mailing was time-stamped on the appropriate clerk's office card. The trial court found that the report and award were received by Mr. Vukich. Accordingly, we find that the trial court did not abuse its discretion when it denied defendant's motion to vacate the judgment of the trial court.
Mr. Vukich's two assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _________________________________ WILLIAM R. BAIRD, FOR THE COURT
REECE, J., CONCURS
DICKINSON, J., CONCURS IN JUDGMENT ONLY