JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-Appellant, Thomas Nowak ("Thomas"), appeals the judgment of the domestic relations court awarding plaintiff-appellee, Janice Nowak ("Janice"), an uncontested divorce. We find merit to this accelerated appeal in part and find that the judgment of the domestic relations court should be reversed and remanded.
 {¶ 2} Thomas and Janice were married on October 18, 1980. The marriage produced two children. In November 2000, Thomas pled guilty to domestic violence, was ordered to vacate the marital home, and incarcerated for 100 days. On May 16, 2001, Thomas began serving his sentence at the Jefferson County Jail in Steubenville, Ohio, and on August 24, 2001, he was released. On that same day, Janice's complaint for divorce and other relief arrived by certified mail at the Jefferson County Jail and was received by and signed for by a prison official.
 {¶ 3} Thomas claims he neither received the complaint nor any subsequent motions filed by Janice.[1] Upon hearing, the trial court ordered Thomas to pay child support in the amount of $624.69 per month, per child, and spousal support in the amount of $300 per month for seven years. Thomas was not present during this hearing.
 {¶ 4} On December 7, 2001, an uncontested divorce hearing was held and a judgement entry issued distributing the marital assets and debts of the couple. The journal entry was based solely on representations made by Janice. Thomas claims he had no notice of the divorce proceeding until after judgment was rendered.
 {¶ 5} Thomas filed a timely notice of appeal and has raised two assignments of error.
 I. {¶ 6} In his first assignment of error, Thomas asserts that "The trial court lacked jurisdiction over Appellant due to the lack of service and therefore the trial court's judgment entry dated December 7, 2001 is void ab initio."
 {¶ 7} The presumption of proper service is rebuttable by sufficient evidence. Rafalski v. Oates (1984), 17 Ohio App.3d 65; Grantv. Ivy (1980), 69 Ohio App.2d 40. In Rafalski, this court found that the appellee was entitled to have a judgment against her vacated, despite the appellant's compliance with Civ.R. 4.6, because the appellee provided an uncontradicted sworn statement indicating she never received service of the complaint. Id.
 {¶ 8} On August 13, 2001, Janice attempted service upon Thomas by certified mail. In accordance with Civil Rule 4.1(A), the complaint was sent to the Jefferson County Jail, signed for, and the return receipt returned to the clerk's office. Accordingly, the docket reflects that service was perfected on August 24, 2001 as being "Signed by Other." Thomas' affidavit indicates that he was released from the jail at noon. The return receipt does not indicate the time it was signed. Thomas provided an affidavit stating that he did not receive service of the complaint.
 {¶ 9} As in Rafalski, the court finds Thomas' unchallenged testimony persuasive. Rafalski v. Oates (1984), 17 Ohio App.3d 65. Janice has presented nothing to contradict Thomas' affidavit. Janice's affidavit does not refute Thomas' sworn statement that he did not receive a copy of the complaint.
 {¶ 10} Furthermore, "an elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank TrustCo. (1950), 339 U.S. 306, 314; Mitchell v. Mitchell (1980),64 Ohio St.2d 49, 51. A determination of whether notice was reasonably calculated to reach the interested party requires a case-by-case examination of the particular facts. Regional Airport Authority v.Swinehart (1980), 62 Ohio St.2d 403.
 {¶ 11} It is apparent from Thomas' uncontradicted testimony that the service upon him was not reasonably calculated to apprise him of the pendency of the divorce action. Thomas was incarcerated for a period of 100 days. Janice was aware, or should have been aware, of Thomas' pending release from jail and the uncertainty of his residence. Janice has provided nothing to dispute Thomas' statement that he did not receive the complaint. Janice's service attempt was neither reasonably calculated to provide Thomas notice of the pending action nor provide him an opportunity to present his objections.
 {¶ 12} Accordingly, Thomas' first assignment of error is sustained.
 II {¶ 13} In his second assignment of error, Thomas asserts that "Appellees [sic] inaccurate information as to the parties [sic] assets supplied to the trial court warrants vacating the trial courts [sic] proceedings of December 7, 2001, and remanding for further proceedings."
 {¶ 14} Because Thomas' first assignment of error has been sustained, the court need not address his second assignment of error. App.R. 12(A)(1)(c).
 {¶ 15} IT IS ORDERED that the judgment of the domestic relations division is hereby reversed and the case remanded.
It is ordered that appellant recover of appellee his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas Domestic Relations Division to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, P.J., and TIMOTHY E. McMONAGLE, J., concur.
[1] Janice attached along with her complaint for divorce motions for temporary child support and spousal support.