JOURNAL ENTRY AND OPINION.
{¶ 1} Defendant-appellant, Raza Pervaiz,[1] dba Dairy Mart 54227 dba Noble Food Deal ("Pervaiz"), appeals the trial court denying his motion to vacate a default judgment it rendered against him on January 22, 1998. On the authority of Steinhoff v. Nyerghes, (Mar. 30, 2000), Cuyahoga App. No. 76096, 2000 Ohio App. LEXIS 1377, we agree with defendant and reverse the judgment of the trial court.
 {¶ 2} Plaintiff-appellee, Plain Dealer Publishing Co., filed its complaint against defendant on July 8, 1997. Plaintiff also named a co-defendant, Samiha, Inc., dba Noble Food Deal.[2] The complaint shows 2230 Noble Road, E. Cleveland, Ohio as the mailing address for both parties. In its complaint, plaintiff alleged that defendants owed it $2354.76 plus interest for newspapers defendants sold at that address but did not pay for. Certified mail service was first attempted for both defendants at the address contained in the complaint. On July 22, 1997, the certified mail receipt for Samiha, Inc. was returned, noting failure of service. Plaintiff did not obtain service on Pervaiz either. On August 19, 1997, the certified receipt for him was returned as unclaimed.
 {¶ 3} In September and October 1997, plaintiff sent two more summons to Samiha, Inc., via certified mail. The summons sent in October was addressed to Tom Paris as the statutory agent for Samiha, Inc. The address for Paris was 55 Public Square, Cleveland, Ohio. On October 21, 1997, plaintiff obtained valid certified mail service on the company. Plaintiff attempted service a second time on Pervaiz on September 24, 1997, by ordinary mail.[3] The summons was sent to the same address as before, the same address as Samiha, Inc. That envelope was never returned by the postal service.
 {¶ 4} Because neither defendant responded to the complaint, plaintiff filed a motion for default against both of them on December 12, 1997, which the trial court granted on January 22, 1998 in the amount of $2,354.76.
 {¶ 5} On October 16, 2001, plaintiff was given leave to correct the record to reflect a different spelling for Pervaiz. The motion stated:
The Plaintiff has reason to believe that the defendant, Raza Percaiz, d.b.a. Dairymart 5-4227, d.b.a. Noble Food Dea [sic], conducts business under the name of Raza Pervaiz d.b.a. Samiha, Inc. and uses this name as his alter-ego in the generation of income in order to avoid payment of the Plaintiff's claims.
 {¶ 6} Defendant transferred and filed its certificate of judgment lien in the Cleveland Municipal Court on February 20, 2002. On October 3, 2002, plaintiff filed a motion to vacate the judgment, which motion the trial court denied on November 22, 2002. It is from this order plaintiff appeals, assigning the following errors for review.
First assignment of error: The trial court erred as a matter of law in entering a default judgment against defendant-appellant and in denying defendant-appellant's motion to vacate judgment because this action was never commenced under Ohio Civil Rule 3(A) and is therefore a nullity.
 {¶ 7} In this assignment of error, plaintiff argues the judgment rendered against him should be vacated because when plaintiff filed this case, he already knew defendant's correct name and address but, nonetheless, incorrectly identified him in this complaint. In support of this argument, defendant references facts and evidence he did not present in the trial court.
 {¶ 8} Because plaintiff presents arguments and evidence not raised below, we will not consider them now. Irwin v. Dettelbach, (Nov. 7, 1996), Cuyahoga App. No. 70363. Plaintiff's first assignment of error is overruled.
Second assignment of error: The trial court erred and abused its discretion in denying defendant-appellant's motion for relief from judgment pursuant to Ohio Civil Rule 60(B) since defendant-appellant's failure to answer was due to mistake, inadvertence, or excusable neglect, defendant-appellant had meritorious defenses to plaintiff-appellee's claim and the motion was timely filed.
 {¶ 9} Plaintiff argues the trial court erred when it denied his motion to vacate pursuant to Civ.R. 60(B). Ohio Civ.R. 60(B) states:
On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.
 {¶ 10} On appeal, a trial court's judgment in ruling on a motion to vacate will not be disturbed absent an abuse of discretion.[4]Kaufman Cumberland v. Jalisi, Cuyahoga App. No. 80389,2002-Ohio-4087.
 Service {¶ 11} In the case at bar, we find recent precedent from this court factually analogous and, therefore, dispositive of this assignment of error. In Steinhoff v. Nyerghes, (Mar. 30, 2000), Cuyahoga App. No. 76096, 2000 Ohio App. LEXIS 1377, plaintiff obtained ordinary mail upon defendant as authorized by Civ.R. 4.6. After obtaining service, plaintiff moved for and obtained a default judgment against defendant on November 21, 1997. When plaintiff filed his motion for default, he sent a copy of that motion to defendant at the same address contained in the complaint. Defendant did not respond. Within a month of the default judgment, defendant filed a motion to vacate the judgment pursuant to Civ.R. 60(B)(5). In her motion, defendant:
denied that she was liable for Steinhoff's injuries; (2) claimed that because she never received service of the complaint, Civ.R. 60(B)(5) provided grounds for relief from the default judgment; and (3) alleged that her motion was filed within a reasonable time after she learned of the default judgment. By affidavit, Eva Nyerghes averred that she "never received service of the complaint" and "was not at all aware of this case until she met with counsel after discovering there was a lien on her home." Steinhoff, at *3.
 {¶ 12} Plaintiff opposed the motion to vacate and stated he had obtained valid service on defendant because he had complied with the civil rules. Plaintiff did not, however, present any evidence to rebut defendant's affidavit denying ever receiving service of the complaint. The trial court granted the motion and vacated the default judgment.
 {¶ 13} On appeal, this court explained "* * * it is not an abuse of discretion to grant relief from a default judgment under Civ.R. 60(B)(5) when there is no evidence to contradict the movant's evidence that she never received service of the complaint or other court papers." Id., at *11.
 {¶ 14} In the case at bar, when defendant filed his motion to vacate, he attached his affidavit in which he made the following averments:
Affiant states that he was NEVER been served with the Plaintiff's Complaint.
Affiant states that he was a franchise owner of a Dairymart store, located at the 2230 Noble Road, Cleveland Heights, Ohio until May 3, 1996 when he returned the ownership of the store back to Dairymart (Defendant Exhibit "A").
Affiant states that since May 3, 1996, he has no ownership in the said store or has any interest or any business relation with the subsequent owner(s) of the said store.
Affiant states that he NEVER received any newspapers from Plaintiff, Plain Dealer, during the period of 3/31/1997 through 4/27/1997 as alleged in Plaintiff's complaint.
Affiant further states that he does not know anything about the other named Defendant, Samiha, Inc. or Mr. Tom Paris who apparently accepted the service of the complaint on his behalf and that Mr. Paris NEVER communicated with him regarding the complaint.
 {¶ 15} In response to defendant's motion, plaintiff alleged that service upon defendant was valid because he complied with Civ.R. 4.6. Plaintiff, however, did not present any evidence to rebut defendant's sworn statement that he never received the complaint and was not responsible for the debt described therein.
 {¶ 16} In Nyerges, this court held that, uncontradicted by the plaintiff, the defendant's sworn statement that she had not received the complaint was sufficient to warrant relief from judgment. The court explained:
There is a presumption of proper service in cases where the Civil Rules on service are followed. However, this presumption is rebuttable by sufficient evidence. Where a party seeking a motion to vacate makes an uncontradicted sworn statement that she never received service of a complaint, she is entitled to have the judgment against her vacated even if her opponent complied with Civ.R. 4.6 and had service made at an address where it could reasonably be anticipated that the defendant would receive it. Appellant has presented no evidence to show that appellee actually received service. It is reversible error for a trial court to disregard unchallenged testimony that a person did not receive service. Id., at *9-*10 citing Rafalski v. Oates (1984), 17 Ohio App.3d 65,66-67, 477 N.E.2d 1212.
 {¶ 17} In the case at bar, plaintiff's failure to sufficiently rebut defendant's sworn statement that she never received the complaint is fatal. As in Nyerges, plaintiff's unsubstantiated claim that he complied with Civ.R. 4.6 to obtain valid service is not enough to overcome the presumption in defendant's favor that she did not receive service of the complaint.
 Meritorious Defense {¶ 18} Next, plaintiff maintains that, even if service upon defendant is found to be flawed, he is still not entitled to vacation of the judgment because he does not have any evidence sufficient to prove a meritorious defense. We disagree.
 {¶ 19} In a motion to vacate, the moving party need only "allege a meritorious defense, not to prove that [he] will prevail on that defense." Nyerges, supra at *6. Evidentiary materials are not required. Id. "Allegations that controvert the movant's liability on the claim may be sufficient to demonstrate the movant's meritorious defense." Id., at *8.
 {¶ 20} Here, defendant says he has several meritorious defenses to plaintiff's complaint. In his affidavit, attached to his motion to vacate, defendant denies ever receiving the newspapers which form the basis of the judgment in the amount of $2354.76. Moreover, defendant avers he did not have any connection in 1997 to the business where plaintiff says the papers were sold, he does not have any knowledge of his co-defendant, Samiha, Inc. or its statutory agent. On the record before us, we conclude that these statements, taken together, would constitute a complete defense to plaintiff's complaint.
 {¶ 21} We further note that plaintiff represented to the trial court that Pervaiz was personally liable for the $2354.76. In support of its claim, plaintiff attached a copy of an invoice for the amount owed. The problem is that the invoice does not mention Pervaiz at all. The only entity named there is "Noble Food Deal." Other than this invoice there is no other evidence in the record to support plaintiff's claim that Pervaiz is personally liable to it for anything. Further, there is nothing in the record to show a connection between Pervaiz and Noble Food Deal and/or Dairy Mart in 1997, when the debt supposedly accrued. Standing alone, this evidence is not enough to support a judgment by default.
 {¶ 22} Plaintiff also argues that defendant's motion to vacate was not timely filed because he knew about the judgment back in 1998. In support of this statement, plaintiff refers to an "Exhibit `A'" attached to its brief in opposition to defendant's motion to vacate. According to plaintiff, that exhibit is a letter which shows defendant had knowledge of the judgment and efforts at execution. We do not find any exhibit attached to that motion.
 {¶ 23} Moreover, even though the judgment in this case was taken in January 1998 and defendant's motion to vacate was not filed until October 2002, we are not convinced an unreasonable amount of time has passed to give serious consideration to the grounds of his motion to vacate.
 {¶ 24} For all the foregoing reasons, defendant's second assignment of error has merit and is sustained.[5]
This cause is reversed and remanded.
KENNETH A. ROCCO., A.J., and PATRICIA A. BLACKMON, J., concur.
[1] Plaintiff originally identified defendant with the last name "Percaiz." However, on October 16, 2001, plaintiff corrected the record to reflect that the defendant is also known as "Pervaiz."
[2] Samiha, Inc. is not a party to this appeal.
[3] Pursuant to Civ.R. 4.6(D).
[4] The term abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 5 Ohio B. 481, 450 N.E.2d 1140.
[5] Because defendant's second assignment of error is dispositive, we do not address the third assignment of error: "THIRD ASSIGNMENT OF ERROR: THE DEFAULT JUDGMENT IS VOID AB INITIO."