[Cite as *Treasure Lake v. Guarnieri*, 2014-Ohio-3975.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**TRUMBULL COUNTY, OHIO**

| | | |
|---|---|---|
| TREASURE LAKE PROPERTY OWNERS' ASSOCIATION, INC., | : | **O P I N I O N** |
| | : | |
| Plaintiff-Appellee, | : | **CASE NO. 2014-T-0032** |
| | : | |
| - vs - | : | |
| | : | |
| DONALD GUARNIERI, | : | |
| Defendant-Appellant. | : | |
| | : | |

Civil Appeal from the Warren Municipal Court, Case No. 2013 CVF 02191.

Judgment: Affirmed.


*Leonard S. Greenwald* and *Stephanie L. Lingle,* The Greenwald Law Firm Co., L.P.A., 1030 The Leader Building, 526 Superior Avenue, Cleveland, OH 44114 (For Plaintiff-Appellee).

*William P. McGuire,* 106 East Market Street, Warren, OH 44481 and *Donald L. Guarnieri*, 431 East Market Street, Warren, OH 44481 (For Defendant-Appellant).


DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, Donald L. Guarnieri, appeals the April 15, 2014 Judgment Entry of the Warren Municipal Court, denying his Motion for Leave to File Answer of Defendant and Response to Motion for Default Judgment. The issue raised on appeal is whether a claim of failure of service may be raised after the entry of default judgment by way of a motion for leave to plead. For the following reasons, we affirm the decision of the court below.

{¶2} On October 29, 2013, plaintiff-appellee, Treasure Lake Property Owners' Association, Inc., filed a Complaint against Guarnieri in the Warren Municipal Court. The Owners' Association alleged that Guarnieri was "the owner of the condominium / real property known as Lot No. 868, Section No. 15 located at Treasure Lake Subdivision in Sandy Township, Clearfield County, Pennsylvania," was a member of the Association, and owed "the sum of $7,642.89 for unpaid property assessment fees."

{¶3} On February 14, 2014, the Owners' Association filed a Plaintiff's Motion for Default Judgment "for the reason of Defendant's failure to plead or otherwise defend in the within proceeding."

{¶4} On February 18, 2014, the municipal court entered default judgment against Guarnieri "in the amount of $7,642.89 plus costs."

{¶5} On March 4, 2014, Guarnieri filed a Motion for Leave to File Answer of Defendant and Response to Motion for Default Judgment. Guarnieri argued: "For good cause defendant states that the defendant has most recently for at least one month has been in St. Joseph's Hospital in Warren, Ohio, and has been discharged and is now a resident of a nursing home, and was at all times relevant unable to respond."

{¶6} On March 10, 2014, a municipal court magistrate issued Findings of Fact and Conclusions of Law. The magistrate found that the Complaint "was served on the Defendant on November 4, 2013," and "Judgment was granted to Plaintiff on February 18, 2014." "Since judgment ha[d] already been granted by the Court," the magistrate "denie[d] Defendant's motion for leave as moot." The magistrate noted that "Defendant may file a motion to vacate the judgment."

2

{¶7} On April 15, 2014, the municipal court issued a Judgment Entry, adopting the magistrate's findings and ruling that "Defendant's Motion for leave is denied as moot."

{¶8} On April 24, 2014, Guarnieri filed a Notice of Appeal.

{¶9} On appeal, Guarnieri raises the following assignment of error:

{¶10} "[1.] The Municipal court errored [sic] in granting Judgment without Jur[is]diction and refusing to conduct a hearing based on Appellant of Defendant-Appellant [sic]."

{¶11} We review the municipal court's Judgment under an abuse of discretion standard, the applicable standard for granting leave to plead and for adopting a magistrate's decision. Civ.R. 6(B); *Wolkoff v. Bloom Bros. Supply, Inc.*, 11th Dist. Geauga No. 2012-G-3092, 2013-Ohio-2403, ¶ 32.

{¶12} On appeal, Guarnieri argues that "he never received service," and, therefore, the Judgment entered against him is "void and without effect."

{¶13} We reject Guarnieri's argument for the reason that he did not raise it in the court below.

{¶14} "Issues not raised in the lower court and not there tried and which are completely inconsistent with and contrary to the theory upon which appellants proceeded below cannot be raised for the first time on review." *Republic Steel Corp. v. Bd. of Revision of Cuyahoga Cty.*, 175 Ohio St. 179, 192 N.E.2d 47 (1963), syllabus; *Goldberg v. Indus. Comm. of Ohio*, 131 Ohio St. 399, 3 N.E.2d 364 (1936), paragraph four of the syllabus ("[o]rdinarily reviewing courts do not consider questions not presented to the court whose judgment is sought to be reversed").

3

**{¶15}** In the present case, Guarnieri did not ask the court to vacate or set aside the default judgment entered against him, but only sought leave to plead. Nor did Guarnieri claim that he did not receive service; rather, he stated that he was "unable to respond" due to medical issues. We further note that Guarnieri did not support his motion with an affidavit or other sworn testimony. Finally, Guarnieri was advised by the magistrate that he "may file a motion to vacate the judgment." No such motion was filed.

**{¶16}** Guarnieri relies on the case of *Rafalski v. Oates*, 17 Ohio App.3d 65, 477 N.E.2d 1212 (8th Dist.1984), for the proposition that "[i]t is reversible error for a trial court to disregard unchallenged testimony that a person did not receive service." *Id.* at 67. *Rafalski* is distinguishable, however, in that the party against whom default judgment was entered filed a motion for relief from judgment. *Id.* at 65. Also, as noted above, Guarnieri submitted no testimony to the municipal court regarding service. Lastly, this court has, on several occasions, declined to follow the holding in *Rafalski*. *Famageltto v. Telerico*, 2013-Ohio-3666, 994 N.E.2d 932, ¶ 18 (11th Dist.) (cases cited).

**{¶17}** The sole assignment of error is without merit.

**{¶18}** For the foregoing reasons, the Judgment of the Warren Municipal Court, denying Guarnieri's Motion for Leave to File Answer of Defendant and Response to Motion for Default Judgment, is affirmed. Costs to be taxed against appellant.

TIMOTHY P. CANNON, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

4