[Cite as *Harvey v. Boak*, 2019-Ohio-1811.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| JEFF HARVEY, | : | | JUDGES: |
| | : | | Hon. W. Scott Gwin, P.J. |
| Defendant - Appellant | : | | Hon. Craig R. Baldwin, J. |
| | : | | Hon. Earle E. Wise, J. |
| -vs- | : | | |
| | : | | |
| TAREN BOAK, | : | | Case No. 18 CAE 10 0081 |
| | : | | |
| Plaintiff - Appellee | : | | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Delaware County
Court of Common Pleas, Case No.
17-CVH-11-697

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      May 9, 2019

APPEARANCES:

For Plaintiff-Appellant                    For Defendant-Appellee

JEFF HARVEY, pro se                 ROSS A. GILLESPIE
566 White Cedar Court              5650 Blazer Parkway
Galloway, Ohio 43119               Dublin, Ohio 43017

*Baldwin, J.*

{¶1} Defendant-appellant Jeff Harvey appeals from the October 4, 2018 Judgment Entry of the Delaware County Court of Common Pleas

STATEMENT OF THE FACTS AND CASE

{¶2} On November 22, 2017, appellee Taren Boak filed a complaint against appellant Jeff Harvey dba Jeff Harvey Home Repair. Appellee, in her complaint, alleged that she hired appellant to provide remodeling construction material and/or services and that appellant failed to complete the projects. Appellee further alleged that she loaned appellant $27,868 to purchase a truck and that he had refused to make any payments to her. Appellee set forth claims for complaint for breach of contract, unjust enrichment, violation of the Ohio Consumer Sales Practices Act, and fraud and sought damages in excess of $45,000.00 against appellant. Appellee requested that a copy of the summons and complaint be made upon appellant by personal service by a special process server. The process server, in a document filed with the trial court on November 27, 2017, indicated he had received the summons on November 27, 2017 and that he had talked by phone to appellant who told him that he was in Dayton, Ohio and to give the documents to appellant's attorney at a specified address. The process server stated that he put the documents under the door of the attorney's office.

{¶3} The trial court, as memorialized in a Judgment Entry filed on January 11, 2018, found that no proof of service had been filed and ordered appellee to provide proof of service  or make a new service attempt on appellant by February 9, 2018 or the court would dismiss appellant's complaint pursuant to Civ.R. 41(B)(1) for failure to prosecute.

In response, appellee, on January 29, 2018, filed a Motion for Service by Publication pursuant to Civ.R. 4.4. Appellee's counsel, in his affidavit, indicated that he had been unable to locate appellant despite due diligence.  The trial court granted such motion on February 15, 2018 and ordered that service of the summons "shall be accomplished by publication pursuant to Civil Rule 4.4, one (1) time per week for 6 consecutive weeks."  A Notice of Service by Publication was filed by appellee on April 6, 2018.  Attached to the same was an Affidavit of Publication from the Customer Service Rep of the Delaware Gazette stating that the publication was published in the newspaper for 6 consecutive weeks starting on February 28, 2018.

{¶4}    Thereafter, appellee, on May 24, 2018, filed a Motion for Default Judgment against appellant. Pursuant to an Entry and Order filed on May 31, 2018, the trial court granted the motion and set a hearing to determine damages for June 20, 2018.  The trial court indicated that the Judgment Entry was to be served by regular U.S. mail on the parties or counsel. At the request of appellee's counsel, the hearing was continued to September 7, 2018. The trial court specified that the Judgment Entry with the new hearing date was to be served upon the parties or counsel by regular U.S. mail.

{¶5}    Appellant, on September 6, 2018, filed a motion seeking a continuance of the hearing.  Appellant, in his motion, alleged that he had not been served with court documents until after the judgment was rendered.

{¶6}    A damage hearing was held on September 7, 2018 before a Magistrate. Appellant did not appear at the hearing.   The Magistrate, in an Order filed on the same date, denied appellant's Motion to Continue on the basis that it was untimely filed and not

supported by good cause. The Magistrate further established a post-hearing briefing schedule regarding the issue of damages.

{¶7} Appellee, on September 13, 2018, filed Proposed Findings of Fact and Conclusions of Law and, on September 13, 2018, also filed a Notice of Filing Exhibits.

{¶8} Appellant, on September 24, 2018, filed a Civ.R. 60(B) motion asking that the judgment be set aside and a new hearing ordered. Appellant, in his motion, alleged that he had not been personally notified of the action. On September 26, 2018, appellant filed a Motion to Add Exhibits 4 and 4A to his motion and stated that such exhibits demonstrated that he was not a resident of Delaware County, Ohio during the months of February, March and April of 2018 and "would not have known that the Legal Notice for Service was published the Delaware Gazette during this timeframe."

{¶9} The Magistrate, in a Decision filed on October 4, 2018, denied appellant's Motion to Add Exhibits, noting that appellant did not provide a notarized signature in support of his claim. The Magistrate also denied appellant's Motion for Relief from Judgment and found that appellee should be granted judgment by default and awarded $30,789.78 in damages. The trial court filed a Judgment Entry approving and adopting the Magistrate's Decision on October 4, 2018. The trial court, in its Judgment Entry, granted appellee judgment against appellant in the amount of $30,789.78 for damages "arising out of [appellant's] breach of contract." No objections to the Magistrate's Decision were ever filed.

{¶10} Appellant now appeals from the trial court's October 4, 2018 Judgment Entry.

**{¶11}** Initially, we note that appellant's brief does not comply with the rules for a proper brief as set forth in App.R. 16(A).  Appellant's brief does not include a statement of the assignments of error for review or a reference to the place in the record where each error is reflected, in violation of App.R. 16(A)(3). His brief does not include a table of cases, statutes, and other authority, in violation of App.R. 16(A)(1) and (2).  Appellant's brief does not include a statement of the issues presented for review, as required by App.R. 16(A)(4), or a brief statement of the case, as mandated by App.R. 16(A)(5).

**{¶12}** Pursuant to App.R. 12(A)(2), we are not required to address issues which are not argued separately as assignments of error, as required by App.R. 16(A). *Kremer v. Cox* , 114 Ohio App.3d 41, 60, 682 N.E.2d 1006 (1996); *Hawley v. Ritley* , 35 Ohio St.3d 157, 159, 519 N.E.2d 390 (1988). Such deficiencies permit this Court to dismiss appellant's appeal. Notwithstanding the omissions in appellant's brief, in the interests of justice and finality, we elect to review what we believe are the issues raised in appellant's appeal.

**{¶13}** Appellant contends that the trial court erred in denying his Civ.R. 60(B) motion seeking relief from judgment.

**{¶14}** Civ.R. 60(B) states as follows**:**

(B) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; Etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule

59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

{¶15} A motion for relief from judgment under Civ.R. 60(B) lies in the trial court's sound discretion. *Griffey v. Rajan,* 33 Ohio St.3d 75, 514 N.E.2d 1122 (1987). In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶16} In *GTE Automatic Electric Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus, the Supreme Court of Ohio held the following:

> To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or

(3), not more than one year after the judgment, order or proceeding was entered or taken.

{¶17} Appellant, in the case sub judice, alleged in his motion that he was entitled to relief from judgment because he was not personally notified of the action. We note that a failure of service of the complaint may furnish grounds for relief from a default judgment under Civ.R. 60(B)(5). *Rafalski v. Oates* (1984), 17 Ohio App.3d 65, 17 Ohio App.3d 65 (1984). However, Civ.R. 4.4(A) provides that service by publication shall be "made by publication in a newspaper of general circulation in the county in which the action or proceeding is filed." Since the complaint was filed in Delaware County, Ohio, it was appropriate for appellee to publish notice in the Delaware Gazette as appellee did. Moreover, appellant, in his motion, never alleged a meritorious defense as required.

{¶18} Based on the foregoing, we find that the trial court did not err in denying appellant's 60(B) motion.

{¶19} Appellant, in his brief, also challenges the judgment against appellant in the amount of $30,789.78 for damages "arising out of [appellant's] breach of contract. The judgment was entered after a hearing before a Magistrate. However, appellant did not file objections to the Magistrate's Decision or a transcript of the hearing before the Magistrate.

{¶20} Upon review, we find appellant has failed to file a transcript of the lower court proceedings. An appellant is required to provide a transcript for appellate review. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). Such is necessary because an appellant shoulders the burden of demonstrating error by reference to matters within the record. See, *State v. Skaggs*, 53 Ohio St.2d 162, 163, 372 N.E.2d 1355 (1978).

**{¶21}** This principle is embodied in App.R. 9(B), which states in relevant part:

If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all evidence relevant to the findings or conclusion.

**{¶22}** App.R. 9(B); see, also, *Streetsboro v. Hughes*, 11th Dist. Portage No. 1741, 1987 WL 15055 (July 31, 1987).

**{¶23}** Where portions of the transcript necessary for the resolution of assigned errors are omitted from the record, an appellate court has nothing to pass upon. As appellant cannot demonstrate those errors, the court has no choice but to presume the validity of the lower court's proceedings. *State v. Ridgway*, 5th Dist. Stark No.1998CA00147, 1999 WL 100349 (Feb. 1, 1999), citing *Knapp*, supra.

**{¶24}** Under the circumstances, a transcript of the proceedings is necessary for a complete review of the errors assigned in appellant's brief since appellant is challenging the Magistrate's findings. As appellant has failed to provide this Court with a transcript, we must presume regularity of the proceedings below and affirm.

**{¶25}** Additionally, appellant's failure to object to the Magistrate's Decision results in a waiver of all but plain error. According to Civ.R. 53(D)(3)(b)(i), "[a] party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)." In failing to object to the Magistrate's decision, appellant waived any error. Civ.R. 53(D)(3)(b)(iv) (stating that "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any

factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53[D][3][a][ii], unless the party has objected to that finding or conclusion as required by Civ.R. 53[D][3][b]").

**{¶26}** As there is no record, there is likewise no demonstration of plain error in said record, rendering appellant's assertions unpersuasive.

**{¶27}** Based on the foregoing, appellant's assignments of error are overruled.

**{¶28}** For the foregoing reasons, the judgment of the Delaware County Court of Common Pleas is affirmed.

By: Baldwin, J.

Gwin, P.J. and

Wise, Earle, J. concur.