OPINION
{¶ 1} Appellant Lawrence E. Pastor appeals the grant of Appellee Debra Ann Pastor's motion for relief from judgment pertaining to a decree of divorce in the Fairfield County Court of Common Pleas, Domestic Relations Division. The relevant facts leading to this appeal are as follows.
 {¶ 2} Appellant and appellee were married on August 21, 1986 in Maryland. No children were born of the marriage. On May 27, 2004, appellant filed a complaint for divorce. Attached therewith was a separation agreement signed by both parties on May 7, 2004. Appellee did not file an answer. On June 4, 2004, the court issued a notice of hearing for an uncontested divorce. Said hearing went forward on July 14, 2004. Appellant appeared with counsel, while appellee appeared pro se. The trial court issued a decree of divorce on the same day.
 {¶ 3} On September 28, 2004, appellee filed a motion for relief from judgment, pursuant to Civ.R. 60(B)(1), (2), (3), and (5). Appellee included an affidavit in support, which consisted solely of the following language:
 {¶ 4} "Now comes the Defendant, being first duly sworn, deposes and states that the divorce decree should be overturned due to the fact that Defendant was taken advantage of and due to the fact that the divorce decree is not fair and equitable and other reasons as will be set forth at the hearing of this matter."
 {¶ 5} A "non-oral hearing" on appellee's motion was scheduled by the court for October 15, 2004 at 9:00 AM. On the same day, the trial court issued a judgment entry granting the 60(B) motion, and declaring the separation agreement null and void. Appellant thereafter retained counsel and filed a notice of appeal on November 12, 2004. Appellant further obtained a stay of proceedings in the trial court on November 23, 2004.
 {¶ 6} The following sole Assignment of Error is now before this Court:
 {¶ 7} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW BASED UPON THE FACTS PRESENTED IN GRANTING THE MOTION PURSUANT TO OHIO CIVIL RULE 60(B) AND VACATING NOT ONLY THE DIVORCE, BUT THE ENTIRE SEPARATION AGREEMENT OF THE PARTIES AND SAME WAS AN ABUSE OF DISCRETION BY THE TRIAL COURT.
I.
 {¶ 8} In his sole Assignment of Error, appellant contends the trial court erred and abused its discretion by granting appellee's Civ.R. 60(B) motion and vacating the parties' divorce and separation agreement. We disagree in part.
 {¶ 9} Civ.R. 60(B) reads as follows: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:
 {¶ 10} "(1) mistake, inadvertence, surprise or excusable neglect;
 {¶ 11} "(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B);
 {¶ 12} "(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party;
 {¶ 13} "(4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
 {¶ 14} "(5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. * * *."
 {¶ 15} In order to prevail on a motion brought pursuant to Civ.R. 60(B), "* * * the movant must demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceedings was entered or taken."Argo Plastic Products Co. v. Cleveland (1984),15 Ohio St.3d 389, 391, 474 N.E.2d 328, citing GTE Automatic Electric v. ARCIndustries (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. If any prong of this requirement is not satisfied, relief shall be denied. Argo at 391, 474 N.E.2d 328.
 {¶ 16} Civ.R. 60(B) represents an attempt to "strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done." Colley v.Bazell (1980), 64 Ohio St.2d 243, 248, 416 N.E.2d 605 (citation omitted). A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court and a ruling will not be disturbed absent an abuse of discretion. Griffey v.Rajan (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122. An abuse of discretion connotes more than an error of law or judgment, it implies the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 17} Appellant does not challenge the third prong of Argo
in the case sub judice; i.e., he does not seek to argue that appellee's 60(B) motion was untimely. We thus must analyze whether the trial court abused its discretion in granting relief from judgment based on appellee's aforecited four-line affidavit. We note Civ.R. 60(B) only requires a party to allege a meritorious defense, it does not have to prove that it will prevail on that defense. See Rose Chevrolet, Inc. v. Adams
(1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564. Appellant directs us to our decision in Sponseller v. Solenthaler (Oct. 13, 1992), Stark App. Nos. CA-8935, CA-8941, wherein we found a motion to vacate deficient "in that it fails to provide factual information necessary to sustain a vacation of the judgment in a sufficient quality to meet evidentiary standards." Id., citingEast Ohio Gas Co. v. Walker (1978), 59 Ohio App.2d 216. However, a reading of that case reveals the movant had not filed an affidavit, and was relying instead on a narrative explanation by counsel and an uncertified police report. In the case sub judice, appellee averred that she had been "taken advantage of," which strongly suggests fraud or misrepresentation by appellant in obtaining the "uncontested" divorce. See Civ.R.60(B)(3). While it would perhaps have been better practice for appellee's affidavit to have included more detail, we further note under the facts of this case that appellant failed to respond to the 60(B) motion, via a memorandum contra or other response on the merits, prior to the court's decision to grant relief from judgment. See, e.g., Judgment Entry, October 15, 2004, at 1. An appellate court will generally not consider any error which a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court. State v. 1981Dodge Ram Van (1988), 36 Ohio St.3d 168, 170, 522 N.E.2d 524. Under such circumstances, we are disinclined to reverse, as an abuse of discretion, the decision of the trial court to vacate the divorce decree.
 {¶ 18} We do conclude, however, that the trial court overstepped its bounds by additionally rendering the separation agreement null and void, without at least conducting a full hearing. It is well-established that separation agreements are subject to the same rules of construction as other types of contracts. Brown v. Brown (1993), 90 Ohio App.3d 781, 784,630 N.E.2d 763. Furthermore, "[n]either a change of heart nor poor legal advice is a ground to set aside a settlement agreement. A party may not unilaterally repudiate a binding settlement agreement. * * * In the absence of fraud, duress, overreaching or undue influence, or of a factual dispute over the existence of terms in the agreement, the court may adopt the settlement as its judgment." (Citation omitted). Walther v. Walther (1995),102 Ohio App.3d 378, 383. Here, although the court in its discretion found sufficient grounds to vacate the divorce, it provided scant support for nullifying the entire separation agreement, as opposed to simply vacating its incorporation into the decree. We hold this level of judicial rescission of the parties' agreement requires further hearing and analysis under these circumstances.
 {¶ 19} Appellant's sole Assignment of Error is therefore overruled in part and sustained in part.
 {¶ 20} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Fairfield County, Ohio, is hereby affirmed in part, reversed in part, and remanded for an evidentiary hearing on the validity of the parties' May 7, 2004 separation agreement.
Farmer, P.J., concurs.
Edwards, J., dissents.