OPINION
{¶ 1} Appellant Kerstin Drossel appeals the decision of the Court of Common Pleas, Stark County, which denied her motion to vacate a default judgment against her in favor of Appellee Zachary A. Linquist. The relevant facts leading to this appeal are as follows.
 {¶ 2} This appeal stems from a suit for negligence filed on February 28, 2005 by Appellee Linquist against Appellant Drossel. Appellee therein claimed that his vehicle was rear-ended by an automobile driven by appellant.[1] Appellant, a citizen of Germany, was at that time temporarily residing in the United States, staying with the Fletcher family in Loveland, Ohio. At some point in March 2005, appellant returned to Germany.
 {¶ 3} On April 5, 2005, after an unsuccessful attempt to serve appellant in Loveland, Ohio, appellee filed a praecipe for service of the complaint by registered mail, with an addressee signature card, to the address of Unnaer Street 12, 59439 Holzwichede, Germany. The trial court docket indicates service was completed on April 28, 2005. Appellant did not answer or make an appearance. On November 16, 2005, the trial court entered judgment in favor of appellee and against appellant in the amount of $27,462.00.
 {¶ 4} On January 4, 2006, appellant filed a motion to vacate the default judgment, alleging she had never been properly served with process. The trial court conducted a hearing on the motion on March 14, 2006. As a result of the hearing, the parties entered mediation, which did not resolve the matter. On April 13, 2006, the trial court issued a judgment entry denying appellant's motion to vacate.
 {¶ 5} Appellant filed a notice of appeal on May 3, 2006. She herein raises the following sole Assignment of Error:
 {¶ 6} "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT DENIED APPELLANT'S MOTION TO VACATE DEFAULT JUDGMENT BECAUSE APPELLEE NEVER MADE PROPER SERVICE, AND THE TRIAL COURT'S DEFAULT JUDGMENT WAS VOID FOR LACK OF JURISDICTION."
 I. {¶ 7} In her sole Assignment of Error, appellant contends the trial court erred in denying her motion for relief from default judgment on the basis of purported lack of notice of the lawsuit. We disagree.
 Standard of Review {¶ 8} Appellate courts review the denial of a motion to vacate under an abuse of discretion standard. StonehengeCondominium Ass'n v. Davis, Franklin App. No. 04AP-1103, 2005-Ohio-4637, ¶ 13, citing Daniel v. Motorcars Infiniti,Inc., Cuyahoga App. No. 85005, 2005-Ohio-3008, ¶ 8. Nonetheless, we recognize that default judgments are not favored in the law; cases should be decided on their merits rather than on technical grounds. Bank One Cincinnati, infra, citing Rice v. GeneralDynamics Land Systems (1993), 86 Ohio App.3d 841, 844,621 N.E.2d 1304, 1306.
 {¶ 9} Ohio law provides that a judgment rendered without personal jurisdiction over a defendant is void ab initio rather than voidable. State of Ohio, ex rel. Fairfield County CSEA v.Landis, Fairfield App. No. 2002CA00014, 2002-Ohio-5432, ¶ 16, citing G.F.S. Leasing Management Inc. v. Mack (June 27, 2000), Stark App. Nos. 1999CA00391, 1999CA00390, See, also,CompuServe, Inc. v. Trionfo (1993), 91 Ohio App.3d 157, 161,631 N.E.2d 1120. A judgment rendered without proper service is a nullity and is void. Lincoln Tavern, Inc. v. Snader (1956), 165 Ohio St. 61, 64, 133 N.E.2d 606. The authority to vacate a void judgment, therefore, "is not derived from Civ.R. 60(B), but rather constitutes an inherent power possessed by Ohio courts."Patton v. Diemer (1988), 35 Ohio St.3d 68, 518 N.E.2d 941, at paragraph four of the syllabus. Although a motion to vacate a void judgment need not comply with Civ.R. 60(B), we note some courts have granted relief under Civ.R. 60(B)(5) for failure of service. See Rogers v. United Presidential Life Ins. Co.
(1987), 36 Ohio App.3d 126, 521 N.E.2d 845; Nationwide Ins. Co.v. Mahn (1987), 36 Ohio App.3d 251, 522 N.E.2d 1096. Nevertheless, whether styled as a Civ.R. 60(B) motion or a motion to vacate, it is not necessary for appellant's motion to set forth a meritorious defense or for it to be timely filed. RiteRug Co., Inc. v. Wilson (1995), 106 Ohio App.3d 59, 62-63,665 N.E.2d 260, citing Patton, supra.
 Hague Convention {¶ 10} Appellant first contends that the default judgment should have been vacated because service of the complaint violated the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, to which the United States and Germany are signatories. However, the record in the case sub judice reveals that appellant never invoked the Hague Convention or other international accord before the trial court as a basis for vacating the default judgment for want of service. An appellate court will generally not consider any error which a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court. See, e.g., Pastor v. Pastor, Fairfield App. No. 04 CA 67, 2005-Ohio-6946, ¶ 17, citing State v. 1981 Dodge RamVan (1988), 36 Ohio St.3d 168, 170, 522 N.E.2d 524. Furthermore, a claim of insufficiency of service of process attacks the personal jurisdiction of the Court over the movant. See, e.g.,In re Shepard, Highland App. No. 00CA12. 2001, 2001-Ohio-2499, citing In re Zaria Crews (July 30, 1999), Montgomery App. No. 17670. This Court has recognized that a question of personal jurisdiction may not be raised for the first time on appeal. SeeIn re Bailey Children, Stark App. No. 2004CA00386,2005-Ohio-2981, ¶ 11, citing Fields v. Stange, Franklin App. No. 03AP-48, 2004-Ohio-1134 (additional citations omitted).
 {¶ 11} Accordingly, we find appellant's reliance on the Hague Convention or any other similar international agreements regarding service of legal documents has been waived for purposes of appeal.
 Ohio Civil Rules {¶ 12} Appellant next raises a general argument that she was never properly served with appellee's complaint, and that she objected to the alleged lack of service "at the earliest opportunity." Appellant's Brief at 8.
 {¶ 13} It is well-established that "[c]ourts will presume service to be proper in cases where the civil rules are followed unless the defendant rebuts the presumption by sufficient evidence." Bank One Cincinnati, N.A. v. Wells (Sept. 18, 1996), Hamilton App. No. C-950279, citing In re Estate of Popp (1994),94 Ohio App.3d 640, 650, 641 N.E.2d 739. A review of the Civil Rules indicates that Civ.R. 4.3(A)(3) permits out-of-state service on a person "* * * who, acting directly or by an agent, has caused an event to occur out of which the claim that is the subject of the complaint arose, from the person's * * * [c]ausing tortious injury by an act or omission in this state, including, but not limited to, actions arising out of the ownership, operation, or use of a motor vehicle or aircraft in this state." Civ.R. 4.5(A)(5) states that "[w]hen Civ.R. 4.3 or Civ.R. 4.4 or both allow service upon a person outside this state and service is to be effected in a foreign country, service of the summons and complaint may also be made * * * [b]y any form of mail requiring a signed receipt, when the clerk of the court addresses and dispatches this mail to the party to be served." Finally, Civ.R. 4.5(B) states: "* * * When mail service is made pursuant to division (A)(5) of this rule, proof of service shall include a receipt signed by the addressee or other evidence of delivery to the addressee satisfactory to the court."
 {¶ 14} In the case sub judice, the trial court file contains the returned addressee signature card, of which the trial court judge observed: "And to me, the signature seems to say Drossel, so I don't know why they said illegible * * *." Tr., March 14, 2006, at 7. The transcript of the hearing on appellant's motion contains no testimony by appellant or other evidence as to the veracity of her apparent signature. Upon review of the record and the applicable civil rules, we are unpersuaded the trial court abused its discretion in denying appellant's motion to vacate the default judgment against her.
 {¶ 15} Appellant's sole Assignment of Error is therefore overruled.
 {¶ 16} For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
Wise, P.J. Edwards, J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Costs to appellant.
[1] At the time of the accident, appellant was covered under an insurance policy issued by Amicus Curiae Allstate Insurance Company to its insured, Thomas Fletcher.