JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Jon Madorsky, appeals from the judgment of the Cleveland Heights Municipal Court, rendered after a bench trial, in favor of defendant-appellee, Radiant Telecom, Inc. For the reasons stated below, we vacate the trial court's judgment and order Madorsky's complaint dismissed.
 {¶ 2} On May 6, 2004, Madorsky filed suit against Radiant Telecom, seeking $3,000 in damages under the Telephone Consumer Protection Act of 1991 (47 U.S.C. § 227) for two unsolicited faxes he allegedly received from Radiant.
 {¶ 3} Madorsky requested service of the complaint and summons by certified mail upon TCS Corporate Services, Inc., 4658 Mayfield Road, Suite 213, Cleveland, Ohio, whom Madorsky represented to be Radiant's statutory agent. The return receipt, filed on May 20, 2004, was signed by "M. Russo."
 {¶ 4} Radiant did not answer the complaint and Madorsky subsequently filed a motion for default judgment. After a hearing, the court denied Madorsky's motion, finding that there was insufficient evidence to establish that the unsolicited faxes had been sent by Radiant.
 {¶ 5} The matter proceeded to a bench trial, after which the court entered judgment in favor of Radiant. In its judgment entry, the court found that "service of the summons and complaint upon the Defendant herein was not achieved by Plaintiff." The court further found that Madorsky had not produced sufficient evidence to demonstrate that the unsolicited faxes had been sent by Radiant, because its name did not appear anywhere on the faxes and they did not contain any return fax number that would identify the sender. In light of these findings, the court entered judgment in favor of Radiant on Madorsky's complaint.
 {¶ 6} Madorsky now assigns three errors for our review. In his first assignment of error, he argues that the trial court erred in finding that service was not perfected upon Radiant.
 {¶ 7} Civ.R. 4.2(F) governs service of process on a corporation and states that a corporation may properly be served in any of the following ways: "by serving the agent authorized by appointment or by law to receive service of process; or by serving the corporation by certified or express mail at any of its usual places of business; or by serving an officer or a managing or general agent of the corporation." In general, the test for determining whether a party was properly served is whether service of process was "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."Akron-Canton Regional Airport Authority v. Swinehart (1980),62 Ohio St.2d 403, 406, citing Mullane v. Central Hanover Bank Trust Co.
(1950), 339 U.S. 306, 314, 94 L.Ed. 865, 70 S.Ct. 652. A determination of whether notice was reasonably calculated to reach the interested party requires a case-by-case examination of the particular facts.Nowak v. Nowak, Cuyahoga App. No. 80724, 2003-Ohio-1824, at ¶ 10, citingAkron-Canton Regional Airport Authority, supra.
 {¶ 8} We find no fault with the trial court's determination that Madorsky did not adequately demonstrate that service had been perfected on Radiant. As the trial court noted in its judgment entry, Madorsky attached to his complaint a copy of a letter dated August 12, 2003, which his counsel had sent to Radiant at 1020 NW 163rd Drive, Miami, FL 33169 only nine months prior to filing suit, in which counsel threatened litigation if Radiant did not make payment of $4,500 for the unsolicited faxes. Madorsky made no attempt to serve Radiant at this address, however, nor did he provide any explanation for his failure to do so. Moreover, at trial, Madorsky presented no evidence to demonstrate that TCS Corporate Services was, in fact, Radiant's statutory agent authorized to receive service on its behalf.[1] Accordingly, there was insufficient evidence that service was "reasonably calculated" to apprise Radiant of the lawsuit and, therefore, we find no error in the trial court's determination that Madorsky had not properly served Radiant.
 {¶ 9} The trial court erred, however, in rendering judgment in favor of Radiant, despite its finding that Madorsky had not perfected service. "It is rudimentary that in order to render a valid personal judgment, a court must have personal jurisdiction over the defendant." Maryhew v.Yova (1984), 11 Ohio St.3d 154, 156. Absent proper service upon the defendant, the voluntary appearance of the defendant, or acts by the defendant or his representative which constitute an involuntary submission to the jurisdiction of the court, a court lacks jurisdiction to enter a judgment. Id.; C W Investment Co. v. Midwest Vending,Inc., Franklin App. No. 03AP-40, 2003-Ohio-4688, at ¶ 6. Here, without proper service, or any other acts by Radiant waiving service or submitting to the court's jurisdiction, the trial court lacked jurisdiction over Radiant and could not render judgment in its favor. Accordingly, upon determining that service was not perfected on Radiant, the trial court should have dismissed Madorsky's action against Radiant, not proceeded to judgment in its favor.
 {¶ 10} Madorsky's argument that the trial court should have just given him more time to serve Radiant is not persuasive. Civ.R. 3(A) provides that a case is commenced by filing a complaint with the court, if service is obtained on a named defendant within one year from such filing. In this case, as of June 1, 2005, when the matter proceeded to trial, Madorsky still had not perfected service on Radiant. Without proper service within one year of May 6, 2004, when Madorsky filed his complaint, his case against Radiant never properly commenced. No extension can be granted after the one-year limitations period under Civ.R. 3(A) for commencing an action has run and, therefore, the trial court could not have granted Madorsky more time to serve Radiant.Fetterolf v. Hoffman-LaRouche, Inc. (1995), 104 Ohio App.3d 272.
 {¶ 11} A judgment rendered without personal jurisdiction is void ab initio. Cincinnati Sch. Dist. Bd. of Educ. v. Hamilton Cty. Bd. ofRevision (2000), 87 Ohio St.3d 363, 366, citing Lincoln Tavern, Inc. v.Snader (1956), 165 Ohio St. 61, 64. Accordingly, we vacate the trial court's judgment in favor of Radiant. In addition, we order the trial court to dismiss Madorsky's complaint against Radiant for failure to commence within one year of filing the complaint.
 {¶ 12} In light of our resolution of appellant's first assignment of error, assignments of error two and three are moot and we need not address them. See App.R. 12(A)(1)(c).
Judgment vacated; case remanded for the trial court to dismiss the complaint.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to the Cleveland Heights Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., P.J., and COLLEEN CONWAY COONEY, J., CONCUR
[1] Although not relevant to our review of the trial court's determination regarding service, the record on appeal includes a letter dated March 13, 2006 from Wayne Rafanelli, Manager, Registered Agent Services, for National Corporate Research, Ltd., 615 South DuPont Highway, Dover, Delaware 19901, informing this court that he was returning a notice of motion the court had attempted to serve in this case, because neither TCS Corporate Services, Inc. nor National Corporate Research, Ltd. are listed as the registered agent for Radiant Telecom in the State of Ohio and, therefore, cannot accept service on its behalf.