{¶ 21} I concur with the majority as to the disposition of this case, but write separately to express my continuing disagreement with the majority as to its treating of the separation agreement and decree as two entities. See Pastor v. Pastor, Fairfield App. No. 04CA67,2005-Ohio-6946 at paragraphs 21-22
 {¶ 22} Once the trial court has approved the separation agreement and adopted and incorporated it into the final decree, there is only the decree.
 {¶ 23} Notwithstanding my disagreement with the majority, I concur in the final disposition of this case. Based on the language of the separation agreement, the trial court should have determined if the separation agreement was fair and equitable prior to incorporating it into the decree of divorce.
 {¶ 24} Upon the filing of a 60(B) motion, the trial court determined the agreement was not fair and equitable and vacated the agreement. This is an entirely appropriate action by the trial court upon its realization that it had not determined the fairness of the agreement prior to its incorporation into the final decree of divorce. *Page 8 
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the December 28, 2006 Judgment Entry of the Fairfield County Domestic Relations Court is affirmed. Costs assessed to Appellant. *Page 1