[Cite as *Chilcote v. Kugelman*, 2013-Ohio-1896.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 98873

---

# LEE A. CHILCOTE, ET AL.

### PLAINTIFFS-APPELLEES

vs.

# SYLVIA KUGELMAN, ET AL.

### DEFENDANTS-APPELLANTS

---

## JUDGMENT:
## REVERSED AND REMANDED

---

Civil Appeal from the
Cleveland Heights Municipal Court
Case No. CVF 1000668

**BEFORE:** Keough, J., Celebrezze, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** May 9, 2013

**ATTORNEY FOR APPELLANTS**

Harvey Kugelman
Harvey Kugelman Co., L.P.A.
450 Standard Building
1370 Ontario Street
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEES**

Edgar H. Boles
Moriarty & Jaros, P.L.L.
30000 Chagrin Blvd., Suite 200
Pepper Pike, Ohio 44124-5721

Christian F. Moratschek
The Chilcote Law Firm, L.L.P.
12434 Cedar Road, Suite 3
Cleveland Hts., Ohio 44106

KATHLEEN ANN KEOUGH, J.:

{¶1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.

{¶2} Defendants-appellants, Sylvia Kugelman and K-Property Management, Inc. (collectively "appellants"), appeal the trial court's decision denying its motion to set aside void judgment. For the reasons that follow, we reverse and remand.

{¶3} In July 2010, plaintiffs-appellees, attorney Lee A. Chilcote and The Chilcote Law Firm, L.L.P. (collectively "Chilcote"), filed suit against appellants alleging that appellants breached a contract to pay Chilcote for legal services provided to appellants. According to the complaint, Chilcote was retained by appellants in February 2005 for legal services in connection with real estate and business transactions in Cleveland Heights, Ohio. The attorney-client relationship ended in March 2006.

{¶4} Service of process of the lawsuit on K-Property was attempted via certified mail at the address on file with the Ohio Secretary of State. Kugelman was listed as K-Property's statutory agent; thus, service was also attempted on her at the address listed with the Secretary of State. In September 2010, the certified mail was returned to the trial court as "unclaimed" for both appellants. Thereafter, on September 27, 2010, Chilcote requested service of process to be reissued to appellants by regular mail at the same address on file with the secretary of state. Despite the one-year attorney-client relationship between the parties, Chilcote did not attempt to serve appellants at any other known address.

{¶5} After the responsive pleading deadline passed and appellants failed to answer to the lawsuit, Chilcote moved for default judgment. In March 2011, the trial court granted the motion and entered judgment against appellants.

{¶6} In October 2011, appellants filed a motion to set aside void judgment contending that they did not receive notice of the lawsuit; thus, the trial court lacked personal jurisdiction to issue a judgment against them. Chilcote opposed appellants' motion arguing that service was properly issued in accordance with the civil rules. After no action was taken on appellants' motion for over six months, appellants filed a renewed motion to set aside void judgment on July 25, 2012. Two days later, on July 27, the trial court denied appellants' motion, finding that Chilcote complied with Civ.R. 4 and that appellants failed to satisfy the requirements of Civ.R. 60(B).

{¶7} Appellants appeal from this order, raising as their sole assignment of error that the "trial court erred in granting a default judgment when service was attempted at an invalid address, when plaintiff used an address not reasonably calculated to reach defendants, and where defendant was not served with the lawsuit, never received any type of notice of the lawsuit and was not aware of the existence of the lawsuit." Although the assignment of error challenges the trial court's decision granting default, the issues and arguments raised within the assignment of error challenge the trial court's denial of appellants' motion to set aside void judgment. Accordingly, we will review the appeal based on the arguments and issues raised.

{¶8} An appellate court reviews the denial of a motion to vacate for an abuse of

discretion. *See, e.g., Linquist v. Drossel*, 5th Dist. No. 2006-CA-00119, 2006-Ohio-5712. "Abuse of discretion" indicates the trial court's attitude in issuing its decision was arbitrary, unreasonable, or otherwise unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). Thus, even though there is a preference in the law for deciding matters upon their merits, a court's decision denying a defendant's motion to vacate a default judgment will not be overturned unless it neither comports with the record nor reason. *In re Wiley*, 11th Dist. No. 2007-P-0013, 2007-Ohio-7123, ¶ 17.

{¶9} In this case, the appellants moved to void the default judgment based on lack of personal jurisdiction asserting that they were not served with the lawsuit. Chilcote opposed the motion, arguing that it complied with Civ.R. 4 when serving appellants with the lawsuit by serving appellants at the address listed with the Ohio Secretary of State; thus, jurisdiction was proper.

> It is well accepted that in order to render a valid personal judgment, a court must have personal jurisdiction over the defendant. Personal jurisdiction may only be acquired by service of process upon the defendant, the voluntary appearance and submission of the defendant or his legal representative, or by an appearance that waives of [sic] certain affirmative defenses, including jurisdiction over the person under the Rules of Civil Procedure.

*Abuhilwa v. O'Brien*, 2d Dist. No. 21603, 2007-Ohio-4328, ¶ 14, citing *Maryhew v. Yova*, 11 Ohio St.3d 154, 464 N.E.2d 538 (1984).

{¶10} "'Service of process must be made in a manner reasonably calculated to apprise interested parties of the action and to afford them an opportunity to respond.'" *Akron-Canton Regional Airport Auth. v. Swinehart*, 62 Ohio St.2d 403, 406, 406 N.E.2d

811 (1980), quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). The plaintiff bears the burden of obtaining proper service on a defendant. *Cincinnati Ins. Co. v. Emge*, 124 Ohio App.3d 61, 63, 705 N.E.2d 408 (1st Dist.1997). "Where the plaintiff follows the Civil Rules governing service of process, courts presume that service is proper unless the defendant rebuts this presumption with sufficient evidence of non-service." *Carter-Jones Lumber Co. v. Meyers*, 2d Dist. No. 2005 CA 97, 2006-Ohio-5380, ¶ 11.

{¶11} Under Civ.R. 4.1(A), service may be made by certified or express mail, personal service, or residential service. If certified or express mail service is attempted and the envelope "is returned with an endorsement showing that the envelope was unclaimed," the party requesting service must be notified and that party may then request service by ordinary mail. Civ.R. 4.6(D).

> [T]he clerk shall send by ordinary mail a copy of the summons and complaint or other document to be served to the defendant at the address set forth in the caption, or at the address set forth in written instructions furnished to the clerk. The mailing shall be evidenced by a certificate of mailing which shall be completed and filed by the clerk. * * * Service shall be deemed complete when the fact of mailing is entered of record, provided that the ordinary mail envelope is not returned by the postal authorities with an endorsement showing failure of delivery.

*Id.*

{¶12} Where service of process is not made in accordance with the Rules of Civil Procedure, the trial court lacks jurisdiction to consider the complaint, and any judgment on that complaint is void ab initio. *Rite Rug Co., Inc. v. Wilson*, 106 Ohio App.3d 59, 62, 665 N.E.2d 260 (10th Dist.1995). Because a court has the inherent authority to

vacate a void judgment, a party who asserts that the trial court lacks personal jurisdiction over him or her due to ineffective service of process need not satisfy the requirements of Civ.R. 60(B). *Carter-Jones Lumber Co.* at ¶ 10; *United Home Fed. v. Rhonehouse*, 76 Ohio App.3d 115, 123, 601 N.E.2d 138 (6th Dist.1991). Only lack of proper service must be established. *Id.*

{¶13} In *Rafalski v. Oates*, 17 Ohio App.3d 65, 477 N.E.2d 1212 (8th Dist.1984), this court held that

> Where a defendant seeking a motion to vacate [a void judgment] makes an uncontradicted sworn statement that she never received service of the complaint, she is entitled to have the judgment against her vacated even if her opponent complied with Civ.R. 4.6 and had service made at an address where it could reasonably be anticipated that the defendant would receive it.

*Id.*, paragraph one of the syllabus.

{¶14} We recognize that other appellate districts have limited this court's holding and the effect of a defendant's affidavit in these circumstances. *See Cincinnati Ins. Co. v Lafitte*, 2d Dist. No. 21055, 2006-Ohio-1806; *United Home Fed.*; *Redfoot v. Mikouis*, 11th Dist. No. 96-T-5398, 1996 Ohio App. LEXIS 5415 (Nov. 29, 1996) (when process is sent to a defendant at the defendant's correct address and the defendant has only his self-serving testimony that he did not receive service of process, the court must hold a hearing to determine whether service was proper).

{¶15} In this case, and unlike in the cases cited above including *Rafalski*, appellants attached to their motion more than an uncontroverted affidavit from Kugelman. Appellants attached to their motion an affidavit from Kugelman asserting that (1) service

was not received by either her or K-Property, (2) she moved from her prior address (which is the address listed with the secretary of state) in 1999, and (3) K-Property's offices at all times during its professional relationship with Chilcote were located at "2669 Euclid Heights Boulevard, Cleveland, Ohio."  Appellants also attached to their motion (1) a letter dated October 21, 2009, that was faxed from their attorney to Chilcote's attorney (who also filed the instant complaint against appellants) regarding the attorney fee dispute and return of property, and (2) an email from their attorney to Chilcote's attorney confirming the return of property to K-Property and providing its address — 2669 Euclid Heights Boulevard.

{¶16} The evidence attached to appellants' motion is sufficient to rebut the presumption that service was proper.  At the very least, the evidence was sufficient for the trial court to hold a hearing or engage in a determination whether the evidence was competent and credible to rebut the presumption of proper service.  *See United Home Fed.*, 76 Ohio App.3d at 123, 601 N.E.2d 138.  While service at the address listed with the secretary of state may be "reasonably calculated" in most cases, a court should not discount evidence when presented that the serving party has knowledge of another, and possibly, more appropriate address.

{¶17}  In *Madorsky v. Radiant Telecom*, 8th Dist. No. 87231, 2006-Ohio-6409, this court considered a similar case and upheld the trial court's decision that the plaintiff failed to demonstrate that service had been perfected on the defendant.  This court made specific reference to the fact that nine months prior to filing the lawsuit, the plaintiff sent

defendant a letter to a Florida address threatening litigation if payment was not made. *Id.* at ¶ 8. Despite serving the letter at this Florida address, plaintiff made no attempt to serve the defendant with the complaint at this address, and the plaintiff made no explanation for his failure to do so. *Id.* Accordingly, this court held that insufficient evidence was presented that service was "reasonably calculated" to apprise the defendant of the lawsuit. *Id.*

{¶18} Much like the plaintiff in *Madorsky*, counsel for Chilcote received an email from K-Property's counsel on October 23, 2009, stating K-Property's address. This email was received approximately nine months prior to Chilcote filing the within lawsuit. Despite receiving this email with a different address than listed with the secretary of state, Chilcote did not attempt to send any service of process to this address. This is even more troubling considering that notice was received that the certified mail to the address listed with the secretary of state was returned as "unclaimed."

{¶19} The Ohio Supreme Court held that courts are to "examine each case upon its particularized facts to determine if notice was reasonably calculated to reach the interested party." *Akron-Canton Regional Airport Auth.*, 62 Ohio St.2d at 406-407, 406 N.E.2d 811. In this case, the trial court's decision did not examine any facts regarding notice. Importantly, it did not analyze or even mention any of the exhibits attached to appellants' motion. The evidence attached is sufficient to overcome the presumption that service was perfected or, at the very least, sufficient for the trial court to engage in a discussion in its judgment entry or conduct a hearing on the motion. The trial court did

neither; thus, we find its decision arbitrary and unreasonable.

**{¶20}** Accordingly, we find the trial court abused its discretion in denying appellants' motion to set aside void judgment because sufficient evidence existed to rebut the presumption that service was proper. Moreover, the trial court's reliance on Civ.R. 60(B) as a basis for denying appellants' motion to set aside a void judgment was unreasonable; thus, it was also an abuse of discretion.

**{¶21}** Judgment reversed and remanded for the trial court to vacate the default judgment.

It is ordered that appellants recover from appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE


FRANK D. CELEBREZZE, JR., P.J., CONCURS;
MARY EILEEN KILBANE, J., DISSENTS (SEE ATTACHED DISSENTING OPINION)


MARY EILEEN KILBANE, J., DISSENTING:

**{¶22}** I respectfully dissent. I would affirm the trial court's decision denying

appellants' motion to set aside a void judgment.

**{¶23}**   As the majority notes, service of process must be made in a manner reasonably calculated to apprise interested parties of the action and to afford them an opportunity to respond.   *Akron-Canton Regional Airport Auth.,* 62 Ohio St.2d at 406, 406 N.E.2d 811, citing *Cent. Hanover Bank & Trust Co.* (1950), 339 U.S. at 314, 70 S.Ct. 652, 94 L.Ed. 865.   "[I]t is not necessary that service be attempted through the most likely means of success — * * * it is sufficient that the method adopted be 'reasonably calculated' to reach its intended recipient."   *Id.* at 406.

**{¶24}** In support of its decision, the majority cites to *Madorsky,* 8th Dist. No. 87231, 2006-Ohio-6409.   The facts in this case, however, are distinguishable.   In *Madorsky*, the trial court found that the plaintiff presented no evidence to demonstrate the entity it served the complaint upon was, in fact, the defendant's statutory agent authorized to receive service on its behalf.   *Id.* at ¶ 8.   In footnote 1, this court noted:

> [a]lthough not relevant to our review of the trial court's determination regarding service, the record on appeal includes a letter dated March 13, 2006[,] from Wayne Rafanelli, Manager, Registered Agent Services, for National Corporate Research, Ltd., 615 South DuPont Highway, Dover, Delaware 19901, informing this court that he was returning a notice of motion the court had attempted to serve in this case, because neither TCS Corporate Services, Inc. nor National Corporate Research, Ltd. are listed as the registered agent for [the defendant] in the State of Ohio and, therefore, cannot accept service on its behalf.   *Id.*

**{¶25}** Unlike *Madorsky*, in the instant case the record is clear that Chilcote served the appellants under Civ.R. 4 when it served the lawsuit via certified mail at the address on file with the secretary of state.   Under Civ.R. 4.2(F), service of process may be made

[u]pon a corporation either domestic or foreign: by serving the agent authorized by appointment or by law to receive service of process; or by serving the corporation at any of its usual places of business by a method authorized under Civ.R. 4.1(A)(1); or by serving an officer or a managing or general agent of the corporation[.]

**{¶26}** It is difficult to contemplate a method that is more "reasonably calculated" to reach the intended recipient than the method outlined by the rules of civil procedure. On appeal, we review the denial of a motion to vacate for an abuse of discretion. *Linquist*, 5th Dist. No. 2006-CA-00119, 2006-Ohio-5712, ¶ 8. Based on the facts of this case, I would find that the trial court's decision denying appellants' motion, without conducting a hearing, was not arbitrary, unreasonable, or unconscionable.

**{¶27}** Accordingly, I would affirm the trial court's decision.