OPINION
{¶ 1} Appellant, Gary Bahr, appeals from the November 4, 2002 judgment entry of the Lake County Court of Common Pleas, denying his motion for relief from judgment.
 {¶ 2} On September 5, 2001, appellee, The News-Herald, filed a complaint against appellant, Raymond A. Bahr, Jr. ("Raymond Bahr"), and Rest Assured, Inc. ("Rest Assured"), alleging breach of contract and unjust enrichment. On September 6, 2001, copies of the summons and complaint were issued by certified mail to appellant and Rest Assured at 7601 Mentor Avenue, Mentor, Ohio, 44060, and Raymond Bahr at 1445 Mentor Avenue, Painesville, Ohio, 44077, which were not deliverable as addressed. On January 3, 2002, appellee reissued service by certified mail to appellant and Raymond Bahr at 31501 Marginal Road, Willowick, Ohio, 44095, which were returned unclaimed on January 23, 2002. On February 15, 2002, service was reissued to appellant and Raymond Bahr by ordinary mail to the foregoing Marginal Road address, as well as to Rest Assured at the above Mentor Avenue address, pursuant to Civ.R. 4.6(D). On February 19, 2002, a copy of the summons and complaint sent to Rest Assured was not deliverable as addressed. On March 28, 2002, appellee reissued service by certified mail to Rest Assured at the foregoing Marginal Road address.
 {¶ 3} On April 1, 2002, appellee filed a motion for default judgment pursuant to Civ.R. 55(A). On April 3, 2002, a notice of failure of service upon Rest Assured was issued. On May 14, 2002, the trial court granted appellee's motion for default judgment. On August 20, 2002, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B). On September 12, 2002, appellee submitted a leave to file a brief in opposition to appellant's motion for relief from judgment instanter which was granted on September 20, 2002. On September 20, 2002, appellee filed a brief in opposition to appellant's motion for relief from judgment. Appellant filed a motion to strike on September 20, 2002, and a reply brief on September 25, 2002. On November 4, 2002, the trial court denied appellant's motion to strike.
 {¶ 4} The facts of the case are as follows: appellant was a named defendant in case no. 99 CV 001632, which was filed by appellee on November 9, 1999, and later dismissed by appellee on February 6, 2001. The matter was re-filed on September 5, 2001 with additional defendants, case no. 01 CV 001378, from which this appeal now stems.
 {¶ 5} Appellee filed suit in order to obtain money owed on an advertising space contract with appellant. On September 1, 1998, the advertising space contract was signed by appellant as President on behalf of Sleep World or Today's Mattress.[1] Sleep World and Today's Mattress went out of business leaving an unpaid balance to appellee in the principal amount of $33,247.52, with interest.
 {¶ 6} James Frustere ("Frustere") is appellee's Chief Financial Officer and Controller. Pursuant to Frustere's December 13, 2000 deposition, The News-Herald is a trade name for Northeast Publishing Company, Incorporated. Frustere testified that the advertising space contract appeared to be a corporate account since appellant checked the corporation box and indicated that he was the president. Frustere stated that he had no knowledge of appellant contracting with appellee in his individual capacity.
 {¶ 7} Pursuant to the August 16, 2002 deposition testimony of Janice Bahr ("Janice"), appellant's mother, appellant has made his home with her at 8072 Mulberry Road, Chesterland, Ohio, 44026, his primary residence on and after September 1999.
 {¶ 8} According to appellant's August 19, 2002 deposition, on or about September 1999 through the present, appellant moved in with Janice and has made his primary residence at her Chesterland home. Appellant stated that on or after September 1999, he has not resided at 31501 Marginal Road, Willowick, Ohio. Appellant testified that he is the owner of the condominium located at 31501 Marginal Road in Willowick, Ohio, but has used said property as rental property. Appellant stated that he never resided at 7610 Mentor Avenue, Mentor, Ohio, which was an old business address that has not been occupied by appellant since on or about August 1999. Also, according to appellant, he never resided at 1445 Mentor Avenue, Painesville, Ohio, which was also an old business address that has not been occupied by appellant since on or about June 1998. Appellant testified that he did not enter into the advertising space contract with appellee in his personal capacity and was never served with a summons or any other notice of the lawsuit at issue.
 {¶ 9} On November 4, 2002, the trial court denied appellant's motion for relief from judgment. It is from that judgment that appellant filed a timely notice of appeal on November 27, 2002, and makes the following assignments of error:
 {¶ 10} "[1.] The trial court committed prejudicial error and abused its discretion by not granting the [Civ.R.] 60(B) motion filed by appellant.
 {¶ 11} "[2.] The trial court committed prejudicial error and abused its discretion by not granting an evidentiary hearing after appellant met all of the elements of GTE.
 {¶ 12} "[3.] The trial court committed prejudicial error and abused its discretion by allowing [appellee's] brief in opposition to [appellant's] motion for relief from judgment pursuant to Civ.R. 60(B) to be filed outside of the time permitted."
 {¶ 13} In his first assignment of error, appellant argues that the trial court committed prejudicial error and abused its discretion by not granting his Civ.R. 60(B) motion. Appellant specifically contends that he is entitled to relief from judgment pursuant to Civil Rules 60(B)(1), (3), and (5) because the trial court mistakenly believed that he was properly served with the complaint, appellee misrepresented to the trial court that he was personally liable to appellee, and his due process rights were violated due to the default judgment rendered against him personally.
 {¶ 14} This court stated in Godec v. Hastings (June 26, 1998), 11th Dist. No. 97-L-128, 1998 Ohio App. LEXIS 2938, at 3, citing Griffey v.Rajan (1987), 33 Ohio St.3d 75, 77: "[t]he judgment of a trial court overruling a motion under Civ.R. 60(B) will not be disturbed on appeal in the absence of an abuse of discretion." An abuse of discretion connotes more than a mere error of law or judgment; rather, it implies that the court's attitude was unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 15} Civ.R. 60(B) provides in pertinent part that "* * * the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * * (3) fraud * * *, misrepresentation or other misconduct of an adverse party; * * * or (5) any other reason justifying relief from the judgment."
 {¶ 16} In GTE Automatic Elec., Inc. v. ARC Indus., Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus, the Supreme Court of Ohio held: "[t]o prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."
 {¶ 17} Civ.R. 4.6(D) states that: "[i]f a certified or express mail envelope is returned with an endorsement showing that the envelope was unclaimed, the clerk shall forthwith notify, by mail, the attorney of record or * * * the party at whose instance process was issued. * * * Service shall be deemed complete when the fact of mailing is entered of record, provided that the ordinary mail envelope is not returned by the postal authorities with an endorsement showing failure of delivery. * * *"
 {¶ 18} This court determined in McCullough Builders, Inc. v.Waterfield Financial Corp., 11th Dist. No. 2001-L-142, 2003-Ohio-1583, at ¶ 12, that pursuant to Civ.R. 4.6(D), service by ordinary mail "* * * is deemed complete when the fact of mailing is entered on the record. If the ordinary mail envelope is not returned, there is a presumption that proper service has been perfected. This is so if the ordinary mail is sent to an address where there is a reasonable expectation that it will be delivered to the defendant. Redfoot v. Mikouis (Nov. 29, 1996), 11th Dist. No. 96-T-5398, 1996 Ohio App. LEXIS 5415."
 {¶ 19} In the case at bar, appellant alleges that he was not properly served, but rather gained knowledge of the lawsuit when his attorney was checking the docket of some other pending cases and inadvertently came across the filing of this lawsuit on August 5, 2002. As such, appellant contends that the trial court mistakenly believed that he was properly served and, thus, is entitled to relief from judgment pursuant to Civ.R. 60(B)(1). Appellant also argues that Civ.R. 60(B)(3) applies since the trial court was misrepresented of the fact that appellant is personally liable to appellee. Furthermore, appellant claims that Civ.R. 60(B)(5) is applicable because his due process rights were violated since he was not afforded with notice and an opportunity to be heard due to his lack of knowledge until August 5, 2002, that a judgment had been rendered against him. We are not persuaded by appellant's contentions.
 {¶ 20} The record reflects that on September 6, 2001, a copy of the summons and complaint was issued by certified mail to appellant at the Mentor Avenue address, which was not deliverable as addressed. On January 3, 2002, appellee reissued service by certified mail to appellant at the Marginal Road address, which was returned unclaimed on January 23, 2002. On February 15, 2002, service was reissued to appellant by ordinary mail to the foregoing Marginal Road address pursuant to Civ.R. 4.6(D). Furthermore, on April 1, 2002, appellee filed a motion for default judgment and no notice of failure of service was issued indicating that appellant did not receive it. Although the presumption of service is rebuttable by sufficient evidence that service was never received, affidavits of appellant and Janice are not sufficient to rebut this presumption. See Koziol v. Refe (Dec. 10, 1993), 11th Dist. No. 93-G-1769, 1993 Ohio App. LEXIS 5925, at 9. The evidence shows that service of process was proper as the documents were mailed in accordance with the Ohio Rules of Civil Procedure. In fact, appellant admitted that he is the owner of the Marginal Road condominium which he indicated that he used as rental property. As such, the trial court reasonably determined that service would be delivered to appellant. See Sweeney v.Smythe, Cramer Co., 11th Dist. Nos. 2002-G-2422 and 2002-G-2448, 2003-Ohio-4032, at ¶ 25-26. Thus, based on Civ.R. 4.6(D), and pursuant to McCullough and Redfoot, supra, proper service was perfected. Therefore, appellant is not entitled to relief from judgment under Civ.R. 60(B)(1).
 {¶ 21} Also, appellant's argument that Civ.R. 60(B)(3) is applicable because appellee misrepresented to the trial court that he was personally liable to appellee is not supported by the record. In fact, appellant signed and executed the advertising space contract as the President of Sleep World, a non-existent entity. Although the box on the advertising space contract was marked "corporation," no corporate entity was actually disclosed since Rest Assured was not listed on the contract. As such, because appellant acted on behalf of a fictitious or non-existent principal, appellant is liable to the third party, appellee, as a party to the transaction. James G. Smith Assoc.,Inc. v. Everett (1981), 1 Ohio App.3d 118, 121. Furthermore, appellant's argument that Civ.R. 60(B)(5) is applicable because his due process rights were violated is also without merit since proper service was perfected. Therefore, pursuant to GTE, appellant lacks a meritorious defense and fails to raise a ground for relief under Civ.R. 60(B). Appellant's first assignment of error is without merit.
 {¶ 22} In his second assignment of error, appellant alleges that the trial court erred to his prejudice and abused its discretion by not granting an evidentiary hearing after he met all of the elements of GTE.
 {¶ 23} "It is well-established that a court does not have to conduct a hearing or take evidence on a Civ.R. 60(B) motion unless the motion and attached affidavits, etc., contain allegations of operative facts that satisfy the requirements of Civ.R. 60(B). Dworken Bernstein Co., L.P.A. v. Krihwan (Oct. 11, 1996), 11th Dist. No. 96-L-069, 1996 Ohio App. LEXIS 4544, at 2, citing Kerr v. Durham (Aug. 30, 1996), 11th Dist. No. 94-P-0127, 1996 Ohio App. LEXIS 3684, at 4. See, also, Sweeney, supra, at ¶ 37.
 {¶ 24} In the instant matter, appellant contends that the trial court abused its discretion by failing to hold an evidentiary hearing prior to denying his motion for relief from judgment after he had presented operative facts that his motion was timely and that it was based on a meritorious defense or claim. Appellant argues that the trial court simply assumed, without considering any evidence, that regular mail service to his old Marginal Road address equated to proper service. We disagree.
 {¶ 25} As thoroughly addressed in the preceding assignment of error, pursuant to GTE, appellant lacks a meritorious procedural as well as a substantive defense and fails to raise a ground for relief under Civ.R. 60(B). Therefore, because appellant's motion and attached affidavits did not contain allegations of operative facts, the trial court did not abuse its discretion in failing to hold an evidentiary hearing based on Dworken, Kerr, and Sweeney. Appellant's second assignment of error is without merit.
 {¶ 26} In his third assignment of error, appellant contends that the trial court erred to his prejudice and abused its discretion by allowing appellee's brief in opposition to his motion for relief from judgment to be filed outside of the time permitted.
 {¶ 27} Loc.R. III(D)(3) of the Court of Common Pleas of Lake County, General Division, provides that a state's brief in opposition is due within fourteen days of the filing of a defendant's motion.
 {¶ 28} In State v. Vernon, 11th Dist. No. 2001-L-102, 2002-Ohio-5153, at ¶ 9-12, the appellant alleged that the trial court erred in accepting and considering the appellee's brief in opposition since it was filed well beyond the fourteen day requirement pursuant to Loc.R. III(D)(3) of the Court of Common Pleas of Lake County, General Division. The appellant filed his motion on March 29, 2001, and the appellee did not file its brief in opposition until May 15, 2001. However, this court held that the trial court did not abuse its discretion in accepting the appellee's brief in opposition.
 {¶ 29} It is within the sound discretion of the trial court to grant untimely motions or pleadings and they will not be disturbed on appeal absent a showing of an abuse of discretion. McGowan v. CuyahogaMetro. Hous. Auth. (Aug. 23, 2001), 8th Dist. No. 79137, 2001 Ohio App. LEXIS 3699, at 4, citing Marion Production Credit Assn. v. Cochran
(1988), 40 Ohio St.3d 265.
 {¶ 30} In the case sub judice, appellant alleges that appellee's brief in opposition was filed in direct violation of Loc.R. III(D)(3) of the Court of Common Pleas of Lake County, General Division. Appellant stresses that he filed his motion for relief from judgment on August 20, 2002, therefore, appellee was required to file a brief in opposition on or before September 3, 2002. However, appellee did not submit its leave to file a brief in opposition to appellant's motion for relief from judgment instanter until nine days after the due date on September 12, 2002, without a showing of good cause. Appellant argues that if the untimely brief in opposition was stricken from the record, then appellee's speculation and misrepresentation to the court would not have wrongly impacted the trial court's analysis in denying his Civ.R. 60(B) motion. We disagree.
 {¶ 31} As previously discussed in the foregoing assignments of error, appellant lacks a meritorious defense and fails to raise a ground for relief under Civ.R. 60(B). Furthermore, appellant's argument that appellee misrepresented to the trial court that he was personally liable to appellee is not supported by the record. In this sense, pursuant toVernon and McGowan, we do not see that the trial court abused its discretion or prejudiced appellant in any manner by accepting appellee's brief in opposition roughly one week beyond the fourteen day requirement of Loc.R. III(D)(3) of the Court of Common Pleas of Lake County, General Division. Thus, appellant's third assignment of error is without merit.
 {¶ 32} For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Lake County Court of Common Pleas is affirmed.
Judgment affirmed.
WILLIAM M. O'NEILL and CYNTHIA WESTCOTT RICE, JJ., concur.
[1] Neither Sleep World nor Today's Mattress is registered with the Ohio Secretary of State as a corporation or a trade name of a corporation.