OPINION
{¶ 1} Appellant, Toni A. Marcheskie, appeals from the judgment entry of the Trumbull County Court of Common Pleas denying her motion to vacate a default judgment entered in favor of appellee, Samuel J. Cappellino. At issue is whether appellant put forth sufficient evidence to rebut the presumption that appellee perfected proper service of process pursuant to Civ. R. 4.6. We answer this question in the negative and therefore affirm the decision of the trial court. *Page 2 
 {¶ 2} In 2000, appellee retained appellant to represent him in a divorce proceeding. The record indicates appellant saw the matter to its conclusion in the trial court; however, appellee charges, once the final divorce decree was entered, appellant failed to properly prosecute appellee's appeal with this court. According to appellee, appellant's omissions led to the dismissal of his appeal on August 15, 2003.
 {¶ 3} During the time she acted as appellee's attorney, appellant lived at 2053 Red Fox Run, Cortland, Ohio. In late 2003, appellant closed her law practice and allegedly moved to Easton, Pennsylvania to begin employment as a registered nurse. Notwithstanding this relocation, the Red Fox Run property remained in appellant's name. All utilities remained in appellant's name and the bills were mailed to the Red Fox Run address. Appellant's vehicle was registered in Ohio at this address and her attorney registration information showed her address as 2053 Red Fox Run, Cortland, Ohio.
 {¶ 4} Throughout the time appellant claimed she was residing in Pennsylvania, she testified her minor children remained living at the Red Fox Run address under the care of a full time nanny, James DeGuzman. Appellant admitted she never filed a change of address form when she moved to Pennsylvania. Instead, appellant gave instructions to DeGuzman to place all mail addressed to her, except utility bills and mail related to the children's school, in a box for her to review during her regular visits.[1] DeGuzman testified he unequivocally followed appellant's instructions and appellant admitted to collecting the mail whenever she returned to Cortland. *Page 3 
 {¶ 5} After appellee learned that his appeal had been dismissed, he attempted to contact her former office. Once he discovered her practice was defunct, appellee attempted to send appellant letters. As appellee never received a response, he subsequently hired new counsel. Appellee explained to his new attorney that although appellant lived in Cortland, Ohio she had shut down her legal practice in Warren, Ohio and had heard from a mutual acquaintance that appellant was working as a nurse somewhere in Pennsylvania.
 {¶ 6} Appellee's counsel attempted to locate appellant in Pennsylvania in the interest of obtaining all files related to the divorce proceeding. Counsel searched public directories, searched the internet, and did a "credit header" search in an attempt to locate appellant. He learned that appellant was still registered as an active attorney with the Ohio Supreme Court. Her attorney information listed her address as 2053 Red Fox Run, Cortland, Ohio. He additionally reviewed Ohio Bureau of Motor Vehicle records, which revealed a vehicle in appellant's name had been registered only two months earlier at the Red Fox Run address.
 {¶ 7} Appellee's counsel next contacted Pennsylvania's nurse licensing board. Counsel learned appellant was registered as a nurse in Easton, Pennsylvania, but the license information did not provide a specific address. On a "hunch," counsel contacted Easton Hospital in an attempt to find appellant. The hospital reported that appellant was an employee with a Cambridge Medical Staffing. Counsel attempted to contact Cambridge, but his messages were left unreturned. He then sent a certified letter to Cambridge Medical Staffing in an attempt to reach appellant, but the letter was returned unclaimed. Appellee's counsel then searched Pennsylvania land records to see if *Page 4 
appellant owned any property in Pennsylvania. He also searched the Pennsylvania Bureau of Motor Vehicles to determine whether appellant had registered any vehicles in the state. Both searches proved to be dead ends. From his investigations, counsel drew the conclusion that while appellant may work out of Pennsylvania, she still lived at the Red Fox Run address.
 {¶ 8} Appellee's counsel subsequently filed a complaint for legal malpractice based upon appellant's failure to prosecute appellee's divorce appeal. Without any specific, credible information that appellant was actually residing in Pennsylvania, counsel attempted service of the complaint via certified mail at the Red Fox Run address. The certified mail was returned "unclaimed." Pursuant to Civ. R. 4.6(D), counsel then attempted ordinary mail service. As the service was not returned, it was presumed perfected pursuant to the rule. Appellant neither made an appearance nor answered the complaint. Appellee subsequently sought and obtained a default judgment in the amount of $114,700. On March 6, 2007, appellant moved to vacate the default judgment alleging service was not perfected and therefore the trial court did not have jurisdiction over her person. After an evidentiary hearing, the trial court overruled appellant's motion to vacate. Appellant now appeals and asserts the following assignment of error:
 {¶ 9} "The trial court erred to the prejudice of defendant-appellant by denying her motion to vacate judgment."
 {¶ 10} Under her sole assignment of error, appellant argues that the default judgment entered by the trial court must be vacated because she never received proper service of appellee's complaint. *Page 5 
 {¶ 11} An appellate court reviews the denial of a motion to vacate under an abuse of discretion standard. See, e.g., Lindquist v.Drossel, 5th Dist. No. 2006-CA-00119, 2006-Ohio-5712. The phrase "abuse of discretion" indicates the trial court's attitude in issuing its decision was arbitrary, unreasonable, or otherwise unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Thus, even though there is a preference in the law for deciding matters upon their merits, a court's decision denying a defendant's motion to vacate a default judgment will not be overturned unless it neither comports with the record nor reason. In re Wiley, 11th Dist. No. 2007-P-0013,2007-Ohio-7123, at ¶ 17.
 {¶ 12} It is well-established that before a trial court can enter judgment against a defendant, it must first have personal jurisdiction over the defendant. Sweeney v. Smythe, Cramer, Co., 11th Dist. Nos. 2002-G-2422 and 2002-G-2448, 2003-Ohio-4032, at ¶ 12. Hence, a default judgment issued by a court without jurisdiction over the person of the defendant is void ab initio. Id. The authority to vacate a void judgment is not derivative of Civ. R. 60(B), but is an inherent power possessed by all Ohio courts. Patton v. Diemer (1988), 35 Ohio St.3d 68, at paragraph four of the syllabus. Hence, when a court lacks personal jurisdiction over a defendant as a result of deficient service, that defendant is entitled to have the judgment vacated and need not satisfy the requirements of Civ. R. 60(B). See State ex rel. Ballard v. O'Donnel
(1990), 50 Ohio St.3d 182, at paragraph one of the syllabus.
 {¶ 13} To determine whether service of process was properly completed, we first look to Civ. R. 4.1, which allows service of process by certified mail, personal service, or residence service. Here, service by certified mail was attempted, but was returned to *Page 6 
the clerk unclaimed. Appellee next attempted service pursuant to Civ. R. 4.6(D), which provides:
 {¶ 14} "If a certified or express mail envelope is returned with an endorsement showing that the envelope was unclaimed, the clerk shall forthwith notify, by mail, the attorney of record or if there is no attorney of record the party whose instance process was issued. If the attorney, or serving party, after notification by the clerk files with the clerk a written request for ordinary mail service, the clerk shall send by ordinary mail a copy of the summons and complaint or other document to be served to the defendant at the address set forth in the caption, or at the address set forth in written instructions furnished to the clerk. The mailing shall be evidenced by a certificate of mailing which shall be completed and filed by the clerk. Answer day shall be twenty-eight days after the date of mailing as evidenced by the certificate of mailing. The clerk shall endorse this answer date upon the summons which is sent by ordinary mail. Service shall be deemed complete when the fact of mailing is entered of record, provided that the ordinary mail envelope is not returned by the postal authorities with an endorsement showing failure of delivery. If the ordinary mail envelope is returned undelivered, the clerk shall forthwith notify the attorney, or serving party, by mail."
 {¶ 15} Pursuant to the foregoing rule, service is effective when the fact of mailing is entered on the record, unless the ordinary mail envelope is returned undelivered. The ordinary mail envelope was not returned as undelivered in the instant matter. In these circumstances, a presumption arises that proper service has been perfected, as long as the ordinary mail was sent to an address where there is a reasonable expectation that it will be delivered to the defendant. Redfoot v.Mikouis (Nov. 29, *Page 7 
1996), 11th Dist. No. 96-T-5396, 1996 Ohio App. LEXIS 5415, *5; see, also, News-Herald v. Bahr, 11th Dist. No. 2002-L-176, 2003-Ohio-6223, at ¶ 18. Nonetheless, this presumption is rebuttable where the defendant presents sufficient evidence that service was not properly perfected. Redfoot, supra.
 {¶ 16} Appellant first argues the trial court erred in overruling her motion to vacate because she presented uncontradicted evidence, by way of her personal affidavit, that she did not receive service. In support, appellant cites the Eighth Appellate District's opinion in Rafalski v.Oates (1984), 17 Ohio App.3d 65. In Rafalski, the court held:
 {¶ 17} "Where a party seeking a motion to vacate makes an uncontradicted sworn statement that she never received service of a complaint, she is entitled to have the judgment against her vacated even if her opponent complied with Civ. R. 4.6 and had service made at an address where it could reasonably be anticipated that the defendant would receive it. * * *" Id. at 66-67.
 {¶ 18} Notwithstanding the rule announced in Rafalski, the record reveals that appellant's self-serving affidavit was not "uncontradicted." After appellant filed her motion to vacate, to which her affidavit was appended, appellee filed a "notice of depositions" of appellant and James DeGuzman towards the end of filing a brief in opposition to appellant's motion to vacate. Appellee filed his brief in opposition, which was accompanied by various affidavits and exhibits contesting appellant's representation that service was inadequate.
 {¶ 19} In his opposing brief, appellee pointed out that James DeGuzman testified appellant left him in charge of the home while she was away. She gave him instructions *Page 8 
to place all of appellant's mail (not related to utilities or her children's school) into the box. DeGuzman testified all such mail was placed in the box. He further testified, during the time of his stay at the home, appellant returned to the residence "sometimes ** weekly, sometimes bi-weekley, sometimes monthly." Moreover, in her deposition appellant admitted to collecting the mail from the box whenever she drove to the home, i.e., "sometimes monthly, sometimes every two months, every three months."
 {¶ 20} From the foregoing, appellee concluded appellant received the service of process because her agent placed all mail, including the notice of certified mail and the Civ. R. 4.6 summons and complaint, in the box which appellant admitted to reviewing on a regular basis. This evidence in his motion in opposition functions to contradict appellant's averments and therefore places this matter outside the scope of the rule in Rafalski.
 {¶ 21} This conclusion notwithstanding, it is worth pointing out that various districts, including this one, have found a blank application of the rule announced in Rafalski inappropriate. See Redfoot, supra; see, also, Old Meadow Farm Co. v. Petrowski (Mar. 2, 2001), 11th Dist. No. 2000-G-2265, 2001 Ohio App. LEXIS 782, *8-*9; Infinity Broadcasting,Inc. v. Brewer, 1st Dist. No. C-020329, 2003-Ohio-1022, at ¶ 8; Sec.Nat'l Bank and trust Co. v. Murphy (July 20, 1989), 2d Dist. No. 2552, 1989 Ohio App. LEXIS 2868, *4; United Home Federal v. Rhonehouse (1991),76 Ohio App.3d 115, 124. The courts in the foregoing cases have concluded that a self-serving affidavit, even if unchallenged, may not be sufficient to vacate the entry of default judgment. Contrary toRafalski, these courts have held that a trial court may overrule the motion to vacate if, after an evidentiary hearing on the issue is held, it does not believe the *Page 9 
defendant's testimony that service was not received. Under such circumstances, the self-serving affidavit will not rebut the presumption of proper service of process.
 {¶ 22} A review of the transcript of the hearing on appellant's motion to vacate reveals that, while appellant maintained she did not receive service of process, appellee presented sufficient, compelling evidence that he was entitled to the reasonable expectation that service would be delivered to appellant. Pursuant to Redfoot, et al., the trial court simply did not believe appellant's representations. This conclusion cannot be viewed as an abuse of discretion.
 {¶ 23} Next, appellant asserts she rebutted the presumption of valid service by demonstrating she lived in Easton, Pennsylvania at the time the complaint and summons were served. As a result, appellant concludes, appellee could not have had a reasonable expectation that service would be delivered to her.
 {¶ 24} Although appellant presented evidence she resided in Pennsylvania at the time service of process was mailed, it is not necessary that ordinary mail service be made upon a person at his or her residence. Rather, the presumption that proper service has been perfected arises when "the ordinary mail is sent to an address where there is a reasonable expectation that it will be delivered to the defendant." The News-Herald, supra, at ¶ 18.
 {¶ 25} At the hearing, evidence demonstrated appellant was the listed owner of the Red Fox Run property. All utilities for the property were registered in appellant's name. Appellant's vehicle was registered at the Ohio Bureau of Motor Vehicles at the Red Fox Run address. Appellant's attorney registration information, obtained on the Supreme Court of Ohio's website, indicated she was an active member of the Ohio Bar *Page 10 
at the time in question and listed 2053 Red Fox Run, Cortland, Ohio as her address. There was ample evidence, from both appellant and DeGuzman, indicating appellant regularly visited the Red Fox Run address. Moreover, appellant testified when she visited the Red Fox Run home, she invariably reviewed the mail she instructed DeGuzman to place in the filing box.
 {¶ 26} We recognize that, prior to filing suit, appellee's counsel was told appellant was working in Pennsylvania. However, the record indicates counsel acted with due diligence in attempting to locate appellant or an address at which she could be located in Pennsylvania, but was unable to do so. Specifically, counsel researched phone books, used "Google searches," did a "credit header" search, and searched property land records. None of these searches yielded any information indicating appellant was residing in Pennsylvania. Counsel further contacted the Pennsylvania Bureau of Professional and Occupational Affairs and received information that appellant was registered as a nurse in Easton, Pennsylvania, but the Bureau had no specific address on record. Even after learning appellant was employed by Cambridge Medical Staffing, his attempts to contact her via the company were unsuccessful.
 {¶ 27} Without a viable Pennsylvania address and in light of the evidence of appellant's significant contacts to the Red Fox Run property, as well as the testimony of DeGuzman and appellant herself, we agree with the trial court that appellee had a reasonable expectation that the service would be delivered to appellant at the Red Fox Run address. Thus, even if appellant was residing in Pennsylvania during the period appellees served her via ordinary mail, the evidence demonstrates appellee was entitled to expect that service would be delivered to appellant. Appellant's argument *Page 11 
that she was living in Easton, Pennsylvania at the time she was served does not rebut the presumption of proper service. We therefore hold the trial court did not abuse its discretion in overruling appellant's motion to vacate its February 4, 2005 default judgment entry.
 {¶ 28} Appellant's sole assignment of error is overruled.
 {¶ 29} For the reasons discussed in this opinion, the judgment of the Trumbull County Court of Common Pleas is affirmed.
DIANE V. GRENDELL, P.J., MARY JANE TRAPP, J., concur.
[1] DeGuzman testified appellant would return to Cortland "sometimes * * * weekly, sometimes bi-weekly, sometimes monthly." Appellant testified she returned "sometimes monthly, sometimes every two months, every three months." *Page 1