[Cite as *Famalgeltto v. Telerico*, 2013-Ohio-3666.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| MICHAEL FAMAGELTTO d.b.a.<br>FIVE STAR LANDSCAPING, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2012-P-0146** |
| LOUIS A. TELERICO, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Portage County Court of Common Pleas, Case No. 2012 CV 0352.

Judgment: Reversed and Remanded.

*Stacy L. Bauer*, P.O. Box 22113, Beachwood, OH 44122 (For Plaintiff-Appellee).

*Susan J. Lax*, 755 White Pond Drive, #403, Akron, OH 44320 (For Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1} Appellant, Louis A. Telerico (hereafter Telerico), appeals from judgments of the Portage County Common Pleas Court, ordering default judgment against him in the amount of $42,231.65 and denying his subsequent motion to vacate.

{¶2} This case involves whether Telerico received proper service of a complaint which was sent to his home address. Thus, dates and events are relevant.

{¶3} From April 2009 through July 2011, appellee, Michael Famageltto, d.b.a., Five Star Landscaping (hereafter Famageltto), performed landscaping services at several of Telerico's properties, including his residence. On March 27, 2012, Famageltto filed a three-count complaint alleging that Famageltto provided goods, materials and services to Telerico in the amount of $42,231.65 and that as of the date of the complaint that sum remained due and owing. Famageltto listed Telerico's home address on the complaint and on March 29, 2012, the summons and a copy of the complaint were served via certified mail upon Louis A. Telerico, 545 Bristol Way, Aurora, Ohio 44202. On April 2, 2012 the summons and a copy of the complaint were reissued to Telerico because the address for Famageltto's attorney was incorrect. On April 24, 2012, the initial summons and a copy of the complaint were returned as "unclaimed" and "unable to forward" with instructions to "return to sender." On April 27, 2012, the second summons and complaint were returned as "unclaimed" and "unable to forward" with instructions to "return to sender."

{¶4} As a result, Famageltto requested the court serve Telerico via ordinary U.S. mail. On May 2, 2012, the clerk of court sent the summons and a copy of the complaint via ordinary U.S. mail to Louis A. Telerico, 545 Bristol Way, Aurora, Ohio 44202. The ordinary mail complaint was never returned as undeliverable. Telerico did not file an answer to the complaint.

{¶5} On June 6, 2012, Famageltto filed a motion for default judgment alleging that Telerico failed to answer or otherwise plead to the complaint. There is no indication from the common pleas docket that a copy of the motion was sent to Telerico. On July 6, 2012, the court granted Famageltto's motion for default and entered judgment against

Telerico in the amount of $42,231.65 plus costs and interest. The court found that a copy of the complaint was duly served upon Telerico and that Telerico failed to file an answer.

{¶6} On August 29, 2012, Telerico filed a motion to vacate the July 6, 2012 judgment pursuant to Civ.R. 60(B). Telerico alleged in an affidavit that he never received a copy of the complaint. On September 5, 2012, Famageltto filed a brief in opposition outlining the service history of the case as noted in the court docket. Famageltto also argued that Telerico's self-serving statement failed to support an alleged meritorious defense.

{¶7} In his October 10, 2012 decision, the judge determined that Telerico failed to establish a meritorious defense under Civ.R. 60(B). However, the court did not address the issue raised by Telerico in his motion: whether Famageltto secured service of process on Telerico in a lawful manner.

{¶8} Telerico filed a timely appeal, asserting a sole assignment of error:

{¶9} "The trial court erred and abused its discretion in finding that Defendant-Appellant did not raise a 'meritorious defense' in Defendant's Motion for Relief under Civ.R. 60(B) and failing to find the Complaint void *ab initio* for lack of service."

{¶10} An appellate court reviews the denial of a motion to vacate under an abuse of discretion standard. *See e.g. Linquist v. Drossel,* 5th Dist. Stark No. 2006-CA-00119, 2006-Ohio-5712. The phrase "abuse of discretion" indicates the trial court's attitude in issuing its decision was arbitrary, unreasonable, or otherwise unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219 (1983). Even though there is a preference in the law for deciding matters upon their merits, a court's decision

3

denying a defendant's motion to vacate a default judgment will not be overturned unless it neither comports with the record nor reason. *In re Wiley,* 11th Dist. Portage No. 2007-P-0013, 2007-Ohio-7123, ¶17.

{¶11} In Ohio, it is well-established that before a trial court can enter judgment against a defendant, it must first have personal jurisdiction over the defendant. *Sweeney v. Smythe, Cramer Co.,* 11th Dist. Geauga Nos. 2002-G-2422 and 2002-G-2448, 2003-Ohio-4032, ¶12. Accordingly, a default judgment issued by a court without jurisdiction over the person of the defendant is void. *Id.* The authority to vacate a void judgment is not derived from Civ.R. 60(B), but rather constitutes an inherent power possessed by Ohio courts. *Patton v. Diemer,* 35 Ohio St.3d 68, paragraph four of the syllabus (1988). When a court lacks personal jurisdiction over a defendant as a result of deficient service, that defendant is entitled to have the judgment vacated and need not satisfy the requirements of Civ.R. 60(B). *See State ex rel. Ballard v. O'Donnell,* 50 Ohio St.3d 182, paragraph one of the syllabus (1990).

{¶12} To be valid, service of process must satisfy Civ.R. 4.1, which allows service of process by certified mail, personal service, or residence service. Here, service by certified mail was attempted, but was returned to the clerk unclaimed. Famageltto next attempted service pursuant to Civ.R. 4.6(D), which provides:

{¶13} "If a United States certified or express mail envelope attempting service within or outside the state is returned with an endorsement stating that the envelope was unclaimed, the clerk shall forthwith notify the attorney of record or, if there is no attorney of record, the party at whose instance process was issued and enter the fact and method of notification on the appearance docket. If the attorney, or serving party,

after notification by the clerk, files with the clerk a written request for ordinary mail service, the clerk shall send by United States ordinary mail a copy of the summons and complaint or other document to be served to the defendant at the address set forth in the caption, or at the address set forth in written instructions furnished to the clerk. The mailing shall be evidenced by a certificate of mailing which shall be completed and filed by the clerk. Answer day shall be twenty-eight days after the date of mailing as evidenced by the certificate of mailing. The clerk shall endorse this answer date upon the summons which is sent by ordinary mail. Service shall be deemed complete when the fact of mailing is entered of record, provided that the ordinary mail envelope is not returned by the postal authorities with an endorsement showing failure of delivery. If the ordinary mail envelope is returned undelivered, the clerk shall forthwith notify the attorney, or serving party."

{¶14} Under the above rule, service is effective when the fact of mailing is entered on the record, unless the ordinary mail envelope is returned undelivered. The ordinary mail envelope was not returned as undelivered in this matter. There is a presumption that proper service has been perfected as long as the ordinary mail was sent to an address where there is a reasonable expectation that it will be delivered to the defendant. *Redfoot v. Mikouis,* 11th Dist. Trumbull No. 96-T-5398, 1996 Ohio App. LEXIS 5415, *5 (Nov. 29, 1996); *see also News-Herald v. Bahr,* 11th Dist. Lake No. 2002-L-176, 2003-Ohio-6223, ¶18. However, this presumption is rebuttable where the defendant presents sufficient evidence that service was not properly perfected. *Redfoot, supra.*

**{¶15}** Telerico argues the trial court erred in overruling his motion to vacate because he presented evidence, by way of personal affidavit, that he did not receive service. A review of the evidence shows that Famageltto did not offer any evidence to contradict Telerico's claim that he did not receive service of the complaint.

**{¶16}** Telerico's argument is supported by the Eighth Appellate District's opinion in *Rafalski v. Oates,* 17 Ohio App.3d 65 (8th Dist.1984). In *Rafalski*, the court held:

**{¶17}** "Where a party seeking a motion to vacate makes an uncontradicted sworn statement that she never received service of a complaint, she is entitled to have the judgment against her vacated even if her opponent complied with Civ.R. 4.6 and had service made at an address where it could reasonably be anticipated that the defendant would receive it. * * *" *Id.* at 66-67.

**{¶18}** However, various districts, including this one, have found a blanket application of the rule announced in *Rafalski* inappropriate. *See Redfoot, supra*; *see also Old Meadow Farm Co. v. Petrowski*, 11th Dist. Geauga No. 2000-G-2265, 2001 Ohio App. LEXIS 782, *8-9 (Mar. 2, 2001); *Infinity Broadcasting, Inc. v. Brewer,* 1st Dist. Hamilton No. C-020329, 2003-Ohio-1022, ¶8; *Sec. Natl. Bank and Trust Co. v. Murphy,* 2d Dist. Clark No. 2552, 1989 Ohio App. LEXIS 2868, *4 (July 20, 1989). In these cases, the courts have held that an unchallenged, self-serving affidavit may be insufficient to vacate an entry of default judgment. These courts have held that a trial court may overrule the motion to vacate if, after an evidentiary hearing is held, it does not find defendant's testimony that service was not received credible. Under these circumstances, the self-serving affidavit will not rebut the presumption of proper service of process.

**{¶19}** The First Appellate District further noted that a trial court cannot dismiss an allegation of lack of notice without affording a hearing to assess the credibility of the defendant's assertions that he did not receive service of the complaint. *Infinity Broadcasting, Inc.* at ¶8. We agree that this approach strikes the proper balance.

**{¶20}** A review of the record shows that the trial court did not hold a hearing on Telerico's motion to vacate. Additionally, in its decision the trial court did not address Telerico's claim that he never received service of the complaint. Instead the trial court held that Telerico had not established a meritorious defense as outlined in Civ.R. 60(B)(1). However, as noted above, when a court lacks personal jurisdiction the defendant is entitled to have the judgment vacated and need not satisfy the requirements of Civ.R. 60(B). *O'Donnell*, supra, at paragraph one of the syllabus.

**{¶21}** The judgment of the Portage County Court of Common Pleas is reversed and this matter is remanded for further proceedings consistent with this opinion. It is ordered that appellee is assessed costs herein taxed.

CYNTHIA WESCTOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.

7